UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311 HON. MARIANNE O. BATTANI |
| In Re: AIR CONDITIONING SYSTEMS | |
| THIS RELATES TO: ALL DIRECT PURCHASER ACTIONS | 2:13-cv-02701-MOB-MKM |

### DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT WITH VALEO DEFENDANTS

Direct Purchaser Plaintiffs hereby move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for final approval of a proposed settlement with Defendants Valeo Japan Co., Ltd., Valeo Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp. In support of this motion, Plaintiffs rely upon the accompanying brief, which is incorporated by reference herein.

DATED: July 30, 2018　　　　　　Respectfully submitted,

　/s/David H. Fink　　　　　　　　
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500

*Interim Liaison Counsel for the Direct Purchaser Plaintiffs*

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
    & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
    & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 238-1700

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311 HON. MARIANNE O. BATTANI |
| In Re: AIR CONDITIONING SYSTEMS | |
| THIS RELATES TO: ALL DIRECT PURCHASER ACTIONS | 2:13-cv-02701-MOB-MKM |

**BRIEF IN SUPPORT OF DIRECT PURCHASER
PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
PROPOSED SETTLEMENT WITH VALEO DEFENDANTS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. iii

STATEMENT OF ISSUES PRESENTED ............................................................ vi

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................ vii

INTRODUCTION .............................................................................................. 1

I.      BACKGROUND ..................................................................................... 1

II.     TERMS OF THE SETTLEMENT AGREEMENT ................................. 3

III.    THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND
        SHOULD BE APPROVED BY THE COURT ........................................ 6

        A.      The Governing Standards for Final Approval. ...................... 6

        B.      The Proposed Settlement with VALEO is Fair, Reasonable and Adequate. .......... 7

                1.      The Likelihood of Plaintiffs' Success on the Merits Weighed Against the
                        Amount and Form of the Relief Offered in the Settlement Supports
                        Approval. ................................................................................ 9

                2.      The Complexity, Expense, and Likely Duration of Continued Litigation
                        Favor Approval. .................................................................... 11

                3.      The Judgment of Experienced Counsel Supports Approval. .............. 11

                4.      The Amount of Discovery Completed is Sufficient. ................. 12

                5.      The Reaction of Class Members. ........................................... 13

                6.      The Settlement is the Product of Arm's-Length Negotiations ........ 13

                7.      The Settlement is Consistent with the Public Interest. .............. 13

IV.     NOTICE WAS PROPER UNDER RULE 23 AND CONSISTENT WITH DUE
        PROCESS ............................................................................................. 14

V.      CERTIFICATION OF THE DIRECT PURCHASER SETTLEMENT CLASS FOR
        PURPOSES OF EFFECTUATING THE PROPOSED SETTLEMENT IS
        APPROPRIATE ..................................................................................... 15

        A.      The Proposed VALEO Settlement Class Satisfies Rule 23(a) .......... 16

                1.      The Settlement Class is Sufficiently Numerous. ..................... 17

                2.      There are Common Questions of Law and Fact. ..................... 17

                3.      Direct Purchaser Plaintiffs' Claims are Typical of Those of the Settlement
                        Class. ..................................................................................... 18

                4.      Plaintiffs Will Fairly and Adequately Protect the Interests of the Class. . 19

        B.      Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement
                Purposes. ............................................................................... 20

                1.      Common Legal and Factual Questions Predominate. ............... 20

i

2.      A Class Action is Superior to Other Methods of Adjudication. ............... 21

VI.   CONCLUSION.................................................................................................................. 23

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) ............................................................................................. 16, 20, 22

*Barry v. Corrigan,*
2015 WL 136238 (E.D. Mich. Jan 9, 2015) ........................................................... 17, 19

*Beattie v. CenturyTel, Inc.,*
511 F.3d 554 (6th Cir. 2007) ........................................................................................ 20

*Berry v. Sch. Dist. of City of Benton Harbor,*
184 F.R.D. 93, 97 (W.D. Mich. 1998) ............................................................................ 8

*Carson v. Am. Brands, Inc.,*
450 U.S. 79 (1981) .......................................................................................................... 8

*Date v. Sony Electronics, Inc.,*
2013 WL 3945981 (E.D. Mich. Jul. 31, 2013) ...................................................... 12, 16, 18

*Dick v. Sprint Communications,*
297 F.R.D. 283 (W.D. Ky. 2014) ................................................................................ 5, 7

*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.,*
2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) ........................................................... 17

Ford *v. Fed.-Mogul Corp.,*
2015 WL 110340 (E.D. Mich. Jan. 7, 2015) ............................................................ 9, 12

*Grenada Invs., Inc. v. DWG Corp.,*
962 F.2d 1203 (6th Cir.1992) ..................................................................................... 8, 13

*Griffin v. Flagstar Bancorp, Inc.,*
2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) .................................................... passim

*Hoving v. Lawyers Title Ins. Co.,*
256 F.R.D. 555 (E.D. Mich. 2009) ............................................................................... 20

*In re Am. Med. Sys., Inc.,*
75 F.3d 1069 (6th Cir. 1996) ....................................................................................... 17

*In re Auto. Refinishing Paint Antitrust Litig.,*
617 F. Supp.2d 336 (E.D. Pa.2007) ............................................................................... 5

*In re Cardizem CD Antitrust Litig.,*
218 F.R.D. 508 (E.D. Mich. 2003) ......................................................................... passim

*In re Cardizem CD Antitrust Litig,*
200 F.R.D. 297 (E.D. Mich. 2007) ............................................................................... 22

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.,*
2010 WL 3341200 (W.D. Ky. Aug. 23, 2010) ............................................................... 5

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,*
248 F.R.D. 483 (E.D. Mich. 2008) ............................................................................... 12

*In re Flat Glass Antitrust Litig.,*
191 F.R.D 472 (W.D. Pa. 1999) ............................................................................. 17, 18

iii

*In re Flonase Antitrust Litig.*,
   284 F.R.D. 207 (E.D. Pa. 2012) ........................................................................ 22

*In re Global Crossing Sec. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y.2004) ........................................................................ 12

*In re* I*nsurance Brokerage Antitrust Litig.*,
   297 F.R.D. 136 (E.D. Pa. 2013) ........................................................................ 14

*In re Linerboard Antitrust Litig.*,
   292 F. Supp. 2d 631 (E.D. Pa. 2003) ........................................................ 4, 10, 11

*In re NASDAQ Market-Makers Antitrust Litig.*,
   169 F.R.D. 493 (S.D.N.Y 1996) ........................................................................ 22

*In re Packaged Ice Antitrust Litig.*,
   2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ............................................. passim

*In re Packaged Ice Antitrust Litig.*,
   2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) ................................................. 12

*In re Polyurethane Foam Antitrust Litig.*,
   No. 1:10 MD 2196, 2015 WL 1639269 (N.D. Ohio Feb. 26, 2015) ......................... 8

*In re Scrap Metal Antitrust Litig.*,
   527 F.3d 517 (6th Cir. 2008) ...................................................................... 20, 21

*In re Southeastern Milk Antitrust Litig.*, 2:07-CV-208,
   2013 WL 2155379 (E.D. Tenn. May 17, 2013) .................................................... 5

*In re Southeastern Milk Antitrust Litig.*,
   2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010) ................................................... 21

*In re Telectronics Pacing Sys. Inc.*,
   137 F. Supp. 2d 985 (S.D. Ohio 2001) ..................................................... 8, 11, 13

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
   722 F.3d 838 (6th Cir. 2013) .................................................................. 16, 17, 18

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.* v. *Ford Motor Co.*,
   2006 WL 1984363 (E.D. Mich. July 13, 2006) ................................................. passim

*IUE-CWA v. General Motors Corp.*,
   238 F.R.D. 583 (E.D. Mich. 2006) ................................................................... 7, 9

*Lessard v. City of Allen Park*,
   372 F. Supp. 2d 1007 (E.D. Mich. 2005) ............................................................. 6

*Marsden v. Select Medical Corp.*,
   246 F.R.D. 480 (E.D. Pa. 2007) ........................................................................ 17

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ......................................................................................... 14

*New England Health Care Employees Pension Fund v. Fruit of the Loom, Inc.*,
   234 F.R.D. 627 (W.D. Ky. 2006) ........................................................................ 7

*Olden v. Gardner*,
   294 Fed. Appx. 210 (6th Cir. 2008) .................................................................... 6

*Packaged Ice*,
   2010 WL 3070161 ............................................................................................ 12

*Paper Systems Inc. v. Mitsubishi Corp.*,
   193 F.R.D. 601 (E.D. Wisc. 2000) ..................................................................... 22

*Senter v. Gen. Motors Corp.*,
   532 F.2d 511 (6th Cir. 1976) ............................................................................ 19

*Sheick v. Auto. Component Carrier LLC,*
   2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ................................................................ passim

*Sheick v. Automotive Component Carrier LLC,*
   2010 WL 3070130 (E.D. Mich. Aug. 2, 2010) ...................................................................... 19

*Sims v. Pfizer, Inc.,*
   2016 WL 772545 (E.D. Mich. Feb. 24, 2016) ......................................................................... 6

*Sprague v. General Motors Corp.,*
   133 F.3d 388 (6th Cir. 1998) .............................................................................. 16, 17, 18

*Sullivan v. DB Investments, Inc.,*
   667 F.3d 273 (3d Cir. 2011) ................................................................................................ 7

*Thacker v. Chesapeake Appalachia, LLC,*
   259 F.R.D. 262 (E.D. Ky. 2009) ....................................................................................... 16

*UAW v. General Motors Corp.,*
   497 F.3d 615 (6th Cir. 2007) ...................................................................................... passim

*Van Horn v. Trickey,*
   840 F.2d 604 (8th Cir. 1988) .............................................................................................. 8

*Williams v. Vukovich,*
   720 F.2d 909 (6th Cir. 1983) ................................................................................... 6, 11, 12

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................ 15

Fed. R. Civ. P. 23(a) ................................................................................................. 16, 20

Fed. R. Civ. P. 23(a)(1) ................................................................................................. 17

Fed. R. Civ. P. 23(a)(2) ........................................................................................... 17, 18

Fed. R. Civ. P. 23(a)(3) ........................................................................................... 18, 19

Fed. R. Civ. P. 23(a)(4) ........................................................................................... 19, 20

Fed. R. Civ. P. 23(b) ................................................................................................. 16, 20

Fed. R. Civ. P. 23(b)(3) ............................................................................... 14, 16, 20, 21

Fed. R. Civ. P. 23(c)(2)(B) .............................................................................................. 14

Fed. R. Civ. P. 23(c)(3) ................................................................................................... 14

Fed. R. Civ. P. 23(e) ....................................................................................................... 14

Fed. R. Civ. P. 23(e)(1) ................................................................................................... 14

Fed. R. Civ. P. 23(e)(2) ................................................................................................. 7, 9

Fed. R. Civ. P. 23(g) ....................................................................................................... 19

**Other Authorities**

4 *NEWBERG ON CLASS ACTIONS, §* 18.05 ........................................................................... 18

## STATEMENT OF ISSUES PRESENTED

1. Whether the proposed settlement between the Direct Purchaser Plaintiffs and Defendants Valeo Japan Co., Ltd., Valeo Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp. (collectively, "VALEO"), as set forth in the Settlement Agreement between the Direct Purchaser Plaintiffs and VALEO, is fair, reasonable and adequate, and whether the Court should approve the settlement under Fed. R. Civ. P. 23;

2. Whether the Court should certify the VALEO Settlement Class for purposes of the settlement only.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)

*In re Automotive Parts Antitrust Litig.,*
12-MD-02311, 2:12-cv-00103, Doc. No. 497 (E.D. Mich. June 20, 2016)

*Date v. Sony Electronics, Inc.*,
No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)

*Griffin v. Flagstar Bancorp, Inc.,*
No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)

*In re Cardizem CD Antitrust Litig.*,
218 F.R.D. 508 (E.D. Mich. 2003)

*In re Packaged Ice Antitrust Litig.*,
No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)

*In re: Packaged Ice Antitrust Litig.*,
No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

*In re Scrap Metal Antitrust Litig.*,
527 F.3d 517 (6th Cir. 2008)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
722 F.3d 838 (6th Cir. 2013)

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)

*Sheick v. Auto. Component Carrier LLC*,
No. 2:09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)

*Sprague v. General Motors Corp.*,
133 F.3d 388 (6th Cir. 1998)

*In re Telectronics Pacing Sys. Inc.*,
137 F. Supp. 2d 985 (S.D. Ohio 2001)

*UAW v. General Motors Corp.*,
497 F.3d 615 (6th Cir. 2007)

## INTRODUCTION

Plaintiffs, on behalf of a Settlement Class comprised of direct purchasers of Air Conditioning Systems in the United States, have reached settlement with the VALEO Defendants.  Under the terms of the proposed settlement, VALEO will pay $9,500,000[1] and provide cooperation to assist Plaintiffs in the prosecution of their claims against the remaining Defendants.

For the reasons set forth herein, Direct Purchaser Plaintiffs respectfully submit that the proposed settlement is fair, reasonable and adequate, and should be approved by the Court. Submitted herewith is a proposed Order and Final Judgment agreed to by Direct Purchaser Plaintiffs and VALEO.[2]

## I.    BACKGROUND

In December 2013, a class action lawsuit was filed by Plaintiff Tiffin Motor Homes, Inc. ("Tiffin") against Defendants Valeo S.A., Valeo Japan Co., Ltd., Valeo, Inc., Valeo Electrical Systems, Inc., Valeo Climate Control Corp.; Mitsubishi Heavy Industries, Ltd., Mitsubishi Heavy Industries America, Inc., Mitsubishi Heavy Industries Climate Control, Inc.; Denso Corporation, and Denso International America, Inc. on behalf of a class of direct purchasers of "Air Conditioning Systems."[3] *Tiffin Motor Homes, Inc.* v. *Valeo, S.A. et al*., Case No. 2:13-cv-15126-AC-MAR) (E.D. Mich.), Doc. No. 1.

---

[1] As discussed in Section II of this Brief, the VALEO settlement amount is subject to reduction (but shall in no event be less than $8,000,000), and the Settlement Agreement may be rescinded, based on valid and timely requests for exclusion by Settlement Class members.

[2] A separate motion for an award of attorneys' fees and reimbursement of litigation costs and expenses is being filed today with the Court.

[3] "Air Conditioning Systems" refers to systems that cool the interior environment of a vehicle and are part of the thermal segment of the automotive market.  Air Conditioning Systems, whether sold together or separately, are defined to include one or more of the

1

In January 2016, Tiffin and SLTNTRST LLC ("SLTNTRST") filed a Consolidated Amended Class Action Complaint against the Defendants identified above, and Defendants Sanden Corp., Sanden International (U.S.A.), Inc., Sanden Automotive Climate Systems Corp., Sanden Automotive Components Corp.; Calsonic Kansei Corp., Calsonic Kansei North America, Inc.; and Panasonic Corp.[4]

In their Consolidated Amended Class Action Complaint, Plaintiffs allege that Defendants conspired to suppress and eliminate competition for Air Conditioning Systems by agreeing to allocate the supply of, and to raise, fix, maintain, or stabilize prices for, Air Conditioning Systems sold in the United States, in violation of federal antitrust laws. Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of Air Conditioning Systems were injured by paying more for those products than they would have paid in the absence of the alleged illegal conduct, and they seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees. (2:13-cv-02701, Doc. No. 72).[5]

On February 14, 2017, Plaintiffs Tiffin and SLTNTRST reached a proposed settlement with VALEO. (2:13-cv-02701, Doc. No. 93-1). On March 21, 2017, this Court preliminarily approved the VALEO settlement and provisionally certified a Direct Purchaser Valeo Settlement Class. (2:12-cv-02701, Doc. No. 94) (the "Preliminary Approval Order"). By Order dated June 14, 2018, the Court authorized dissemination of notice of the proposed VALEO settlement to the VALEO Settlement Class. (2:13-cv-02701, Doc. No. 109) (the "Notice Order").

---

following: automotive compressors, condensers, control panels, HVAC units (typically consisting of a blower motor, actuators, flaps, evaporator, heater core, and filter embedded in a plastic housing), sensors and associated hoses and pipes.

[4] Valeo S.A. was voluntarily dismissed by Plaintiffs in June 2016.

[5] Tiffin and SLTNTRST LLC filed a Second Consolidated Amended Class Action Complaint in May 2018. (2:13-cv-02701, Doc. No. 105).

Pursuant to the Notice Order, on June 28, 2018, 1,732 copies of the Notice of Proposed Settlement of Direct Purchaser Class Action with Valeo Defendants and Hearing on Settlement Approval and Requests for Attorneys' Fees and Litigation Costs and Expenses (the "Notice") were mailed, postage prepaid, to all potential Settlement Class members identified by Defendants.   In addition, a copy of the Notice was (and remains) posted on-line at www.autopartsantitrustlitigation.com.[6]

A Summary Notice of Proposed Settlement of Direct Purchaser Class Action with VALEO Defendants and Hearing on Settlement Approval and Requests for Attorneys' Fees and Litigation Costs and Expenses ("Summary Notice") was published in *Automotive News* on July 9, 2018.   On that same day, an Informational Press Release was issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications.   Additionally, an online banner notice appeared on www.AutoNews.com, the digital version of *Automotive News*, from July 3, 2018 to July 23, 2018.

The deadline for submission of objections to the proposed settlement and requests for attorneys' fees and litigation costs and expenses, and for requests for exclusion from the Settlement Class, is August 22, 2018.   To date, there have been no objections to the proposed settlement or to the requests for attorneys' fees and litigation expenses, or requests for exclusion.

## II.   TERMS OF THE SETTLEMENT AGREEMENT

Plaintiffs, on behalf of the VALEO Settlement Class, have entered into a settlement with VALEO dated February 14, 2017 (the "Settlement Agreement"), under which VALEO has agreed to pay $9,500,000.  The Settlement Agreement gives VALEO the right to reduce its settlement payment,

---

[6] Counsel for VALEO have informed Settlement Class Counsel that their client fulfilled its obligations under 28 U.S.C. § 1715 (the "Class Action Fairness Act of 2005"), by disseminating the requisite notice to the appropriate federal and state officials on April 26, 2017.

3

but in no event to less than $8,000,000, and to rescind the Settlement Agreement, based upon valid requests for exclusion by members of the VALEO Settlement Class, in accordance with the terms set forth in a confidential letter agreement between VALEO and the Settlement Class.[7] Pursuant to the settlement, VALEO has also agreed to cooperate with Plaintiffs in the continuing prosecution of the remaining Defendants.

In addition to the cash payment, the proposed settlement requires VALEO to cooperate with Plaintiffs in the prosecution of the lawsuit against the remaining Defendants by providing the following types of cooperation: (a) the production of documents, data and other information potentially relevant to Direct Purchaser Plaintiffs' claims; (b) assistance in understanding information produced to Direct Purchaser Plaintiffs and facilitating the use of such information at trial; (c) meetings between Settlement Class Counsel and VALEO's attorneys who will provide proffers of information relevant to the claims in this litigation; (d) witness interviews; (e) declarations or affidavits; (f) depositions; and (g) trial testimony.  As stated in *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003), such cooperation provisions provide a "substantial benefit" to the class and "strongly militate[] toward approval of the Settlement Agreement."  This cooperation will enhance and strengthen Direct Purchaser Plaintiffs' prosecution of their claims against the remaining Defendants.

In exchange for the settlement payment and cooperation, the proposed settlement provides, *inter alia,* for the release by Plaintiffs, and the other members of the Settlement Class, of "Released Claims" against VALEO and other "Releasees" (as defined in the Settlement

---

[7] The confidential letter will be provided to the Court for *in camera* review upon its request.  (2:13-cv-02701, Doc. No. 93-1 at ¶ 31).  The presence of the rescission provision, and the maximum amount of the settlement amount reduction, are disclosed in the Notice (attached as Exhibit A).  The effect of any opt-outs on the settlement will be determined at the end of the period to request exclusion from the Settlement Class.  After that date, and prior to the final fairness hearing, Settlement Class Counsel will file with the Court a report on opt-outs, if any.

4

Agreement).  The Released Claims are antitrust and similar claims arising from the conduct alleged in the Complaint.  The release specifically excludes certain claims against VALEO, including claims: based upon indirect purchases of Air Conditioning Systems; based on negligence, personal injury, or product defects; relating to purchases of Air Conditioning Systems outside the United States; and concerning any product other than Air Conditioning Systems.

Moreover, VALEO's sales to Settlement Class members remain in the case as a potential basis for joint and several liability and damages against other current or future Defendants in the litigation.

Plaintiffs believe that the proposed settlement is fair, reasonable and adequate to the Settlement Class.  The Settlement Agreement was consummated only after extensive arm's-length negotiations between experienced and sophisticated counsel.  They are the result of good faith negotiations, after factual investigation and legal analysis by experienced counsel, and are based upon the attorneys' full understanding of the strengths and weaknesses of their respective positions.

Settlements reached by experienced counsel that result from arm's-length negotiations are entitled to deference from the court.  *Dick v. Sprint Communications,* 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate.") (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08–MD01998, 2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010)); *accord In re Southeastern Milk Antitrust Litig.*, 2:07-CV-208, 2013 WL 2155379, at *5 (E.D. Tenn. May 17, 2013); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp.2d 336, 341 (E.D. Pa.2007).

In sum, because the proposed VALEO settlement was negotiated at arm's length by experienced counsel knowledgeable about the facts and the law, and is fair, reasonable, and adequate, Plaintiffs respectfully submit that it merits final approval.

## III.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND SHOULD BE APPROVED BY THE COURT

### A.   The Governing Standards for Final Approval.

Both the Sixth Circuit and courts in the Eastern District of Michigan "have recognized that the law favors the settlement of class action lawsuits." *See, e.g., In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, Doc. No. 497, at 11 (E.D. Mich. June 20, 2016) (quoting *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at \*2 (E.D. Mich. Dec. 12, 2013). *Accord UAW v. General Motors Corp.,* 497 F.3d 615, 632 (6th Cir. 2007) (federal policy favors settlement of class actions); *Sims v. Pfizer, Inc.*, No. 1:10-CV-10743, 2016 WL 772545, at \*6 (E.D. Mich. Feb. 24, 2016).

A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Williams v. Vukovich*, 720 F.2d 909, 921-23 (6th Cir. 1983)); *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008). This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003); *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at \*14-15 (E.D. Mich. Oct. 18, 2010).

A court has broad discretion in deciding whether to approve a class action settlement. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 636 (6th Cir. 2007).  In exercising this discretion, courts give considerable weight and deference to the views of experienced counsel as to the

merits of an arm's-length settlement. *Dick*, 297 F.R.D. at 297 ("The Court defers to the judgment of the experienced counsel associated with the case, who have assessed the relative risks and benefits of litigation."). Indeed, a "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." *New England Health Care Employees Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 632 (W.D. Ky. 2006) (citations omitted).

Recognizing that a settlement represents an exercise of judgment by the negotiating parties, courts have consistently held that a judge reviewing a settlement should not "substitute his or her judgment for that of the litigants and their counsel." *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006). In light of the uncertainties and risks inherent in any litigation, courts take a common-sense approach and approve class action settlements if they fall within a "range of reasonableness." *Sheick,* 2010 WL 4136958, at *15 (citation omitted). Moreover, a district court should guard against demanding too large a settlement, because a settlement "represents a compromise in which the highest hopes for recovery are yielded in exchange for certainty and resolution." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *23 (E.D. Mich. July 13, 2006) (citation omitted); *accord Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 324 (3d Cir. 2011).

### B.    The Proposed Settlement with VALEO is Fair, Reasonable and Adequate.

Fed. R. Civ. P. 23(e)(2) provides that a court may approve a settlement that would bind class members only after a hearing and on finding that the settlement is "fair, reasonable, and adequate." *Accord In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519, at *8 (E.D. Mich. Feb. 22, 2011). Generally, in evaluating a proposed class settlement, the court

7

does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981). There are two reasons for this. First, the object of settlement is to avoid the determination of contested issues; so the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *In re Telectronics Pacing Sys. Inc.*, 137 F. Supp. 2d 985, 1008-09 (S.D. Ohio 2001) (citing *Manual (Third)* §30.42). This is particularly true in the case of class actions. *Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998).

Courts in the Sixth Circuit have identified a number of factors that are relevant in determining whether a settlement is fair, reasonable and adequate: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the complexity, expense, and likely duration of further litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest. *Packaged Ice*, 2011 WL 717519, at *8. *Accord Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 10; *UAW v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007); *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *3 (N.D. Ohio Feb. 26, 2015), *appeal dismissed* (Dec. 4, 2015). No single factor is dispositive. When evaluating the fairness of a settlement, the court may weigh each factor based on the circumstances of the case, *Ford*, 2006 WL 1984363, at *21, and may "choose to consider only those factors that are relevant to the settlement at hand. *Id.* at *22. *See also Grenada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205–06 (6th Cir.1992) (district court enjoys wide discretion in assessing the weight and

8

applicability of factors).   As discussed more fully below, the VALEO settlement is fair, reasonable, and adequate under the relevant criteria, and should be approved under Rule 23(e)(2).

> **1.     The Likelihood of Plaintiffs' Success on the Merits Weighed Against the Amount and Form of the Relief Offered in the Settlement Supports Approval.**

Courts should assess the fairness of a class action settlement "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick,* 2010 WL 4136958, at \*15 (quoting *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)); *Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340, at \*6 (E.D. Mich. Jan. 7, 2015).

The fairness of a class action settlement "turns in large part on the bona fides of the parties' legal dispute." *UAW*, 497 F.3d at 631.  In assessing the parties' dispute and weighing the likelihood of plaintiffs' success on the merits if the litigation continues against the benefits of the settlement, the ultimate question for the court is whether the interests of the class as a whole are better served if the litigation is resolved by settlement rather than pursued.  *Sheick,* 2010 WL 4136958, at \*16 (citing *IUE–CWA*, 238 F.R.D. at 595).

The settlement provides an excellent result for the Settlement Class in light of the substantial risks of continuing litigation.  In negotiating the settlement, Settlement Class Counsel took into account the evidence supporting Direct Purchaser Plaintiffs' claims, the dollar volume of VALEO's Air Conditioning Systems sales, the defenses that VALEO raised or was expected to raise, and the value provided by VALEO's agreement to cooperate with Direct Purchaser Plaintiffs in the continued prosecution of their claims against the Non-Settling Defendants.

Plaintiffs are optimistic about the likelihood of ultimate success in this matter, but success is not certain.  As this Court has observed, success is not guaranteed even in those instances where a settling defendant has pleaded guilty in a criminal proceeding brought by the Department of Justice, which is not required to prove class-wide impact or damages, both of which require complex and expensive expert analyses, the outcome of which is uncertain. *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11.

VALEO is represented by highly experienced and competent counsel, and Plaintiffs believe that it was prepared to defend this case through trial and appeal, if necessary.  Litigation risk is inherent in any litigation, and this is particularly true with respect to class actions.  So, while they are optimistic about the outcome of this litigation, Plaintiffs must acknowledge the risk that VALEO could prevail with respect to certain legal or factual issues, which could result in reducing or eliminating any potential recovery.

These risks must be weighed against the settlement consideration: a $9,500,000 cash payment[8], together with cooperation by VALEO, which is valuable to the Settlement Class members in any litigation against the remaining Defendants.  *See Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 12 ("cooperation strongly militates toward approval" of the settlements) (quoting *Linerboard*, 292 F. Supp. 2d 643).

The VALEO settlement is also valuable as an "ice-breaker" settlement in this multidefendant litigation.  *Packaged Ice Antitrust Litig.*, 2011 WL 717519 at *10.  As the court stated in *Linerboard*, "this settlement has significant value as an 'ice-breaker' settlement – it is the first settlement in the litigation – and should increase the likelihood of future settlements. Any early settlement with one of many defendants can 'break the ice' and bring other defendants

---

[8] Subject to possible reduction for valid and timely opt-outs.

to the point of serious negotiations."  292 F. Supp. 2d at 643.

Settlement Class Counsel believe that the settlement is an excellent result.  Weighing the settlement's benefits against the risks of continued litigation tilts the scale toward approval.  *See Griffin*, 2013 WL 6511860, at *4;  *Packaged Ice,* 2011 WL 717519 at *9.

### 2.    The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'"  *Cardizem,* 218 F.R.D. at 523 (quoting *Vukovich,* 720 F.2d at 922).  "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery."  *Id.* at 523.  This is particularly true for class actions, which are "inherently complex."  *Telectronics,* 137 F. Supp. 2d at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with complex class actions).

Plaintiffs are still litigating against the remaining Defendants, so it would be imprudent to discuss with any specificity Settlement Class Counsel's analysis of the risks of litigation because the Non-Settling Defendants could then use such disclosures against Plaintiffs going forward. Settlement Class Counsel believe it is sufficient at this point to state that complex antitrust litigation of this scope has inherent risks that the settlement at least partially negates.

The proposed settlement eliminates the risks, expense, and delay that would otherwise exist with respect to a recovery from VALEO, ensures a substantial payment to the Settlement Class, and provides the Settlement Class with cooperation against the remaining Defendants. This factor also supports final approval of the proposed settlement.

### 3.    The Judgment of Experienced Counsel Supports Approval.

In deciding whether to approve a proposed settlement, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending

11

parties." *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 248 F.R.D. 483, 498 (E.D. Mich. 2008). Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18); *Fed.-Mogul Corp.*, 2015 WL 110340, at *9. "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F.2d at 922–23).

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented direct purchaser plaintiffs from the inception of the *Automotive Parts Antitrust Litigation* and negotiated this settlement at arm's length with well-respected and experienced counsel for VALEO. Settlement Class Counsel believe the proposed settlement is an excellent result.

### 4.    The Amount of Discovery Completed is Sufficient.

Information about the Air Conditioning Systems conspiracy was disclosed in the related criminal litigation, and obtained from Defendants and through Settlement Class Counsel's investigation.[9] The information from these sources and their factual and legal analysis allowed Settlement Class Counsel to evaluate not only the strengths and weaknesses of the legal case, but also the potential value of the promised cooperation. Based on this information, Settlement

---

[9] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no baseline amount of discovery required to satisfy this factor. *Packaged Ice*, 2010 WL 3070161, at *5-6. The "question is whether the parties had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y.2004)). *Accord In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *13 (E.D. Mich. Dec. 13, 2011) (absence of formal discovery not an obstacle to settlement approval).

Class Counsel believe that the proposed settlement with VALEO is fair, reasonable, and in the best interests of the Settlement Class, and their opinion supports final approval of the settlement.

### 5.    The Reaction of Class Members.

The Court cannot assess this factor at this time.  But even if there were to be objections, their "existence… does not mean that the settlement is unfair." *Telectronics,* 137 F. Supp. 2d at 1018.  A "scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members."  *Sheick*, 2010 WL 4136958 at *22; *accord In re Cardizem,* 218 F.R.D. at 527.  Settlement Class Counsel will file with the Court a report on objections or opt-outs, if any, after the applicable deadlines, and prior to the final fairness hearing.

### 6.    The Settlement is the Product of Arm's-Length Negotiations.

There is a presumption that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion.  *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford,* 2006 WL 1984363, at *26; *Sheick,* 2010 WL 4136958, at *19-20.   Settlement Class Counsel have extensive experience in handling class action antitrust cases and other complex litigation, and they negotiated at arm's length with counsel for VALEO.  Consideration of this factor fully supports final approval of the settlement as well.

### 7.    The Settlement is Consistent with the Public Interest.

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Grenada*, 962 F.2d at 1205).  *Accord Griffin, 2013 WL 6511860, at *5; Packaged Ice*, 2011 WL 717519, at *12. Plaintiffs submit that there is no countervailing public interest that provides a reason to

13

disapprove the proposed settlement. *Griffin*, 2013 WL 6511860, at \*5. This factor also supports approval.

Consideration of the above factors supports final approval of the proposed VALEO settlement. Settlement Class Counsel respectfully submit that the proposed settlement is in the best interests of the Settlement Class and should be finally approved.

## IV. NOTICE WAS PROPER UNDER RULE 23 AND CONSISTENT WITH DUE PROCESS

Federal Rule of Civil Procedure 23(e)(1) provides that a court must direct notice in a "reasonable manner" to all class members who would be bound by a proposed settlement. Rule 23(e) notice must contain a summary of the litigation sufficient "to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW*, 497 F.3d at 629 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). *Accord In re Insurance Brokerage Antitrust Litig.*, 297 F.R.D. 136, 151 (E.D. Pa. 2013).

For class actions certified under Rule 23(b)(3), the court must also "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely state: (1) the nature of the action; (2) the class definition; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members under Rule 23(c)(3). *Id.*

The notice program and forms of notice utilized by Plaintiffs satisfy these requirements. The Notice sets forth all information required by Rule 23(c)(2)(B) and 23(e)(1), and also

14

apprises VALEO Settlement Class members that Settlement Class Counsel will seek an award of attorneys' fees and litigation expenses, and authorization to use up to 10% of the Settlement Fund for future payments of litigation costs and expenses.[10]

Pursuant to the Notice Order, on June 28, 2018, 1,732 copies of the Notice were mailed, postage prepaid, to all potential Settlement Class members identified by Defendants. In addition, a copy of the Notice was (and remains) posted on-line at www.autopartsantitrustlitigation.com. The Summary Notice was published in *Automotive News* on July 9, 2018, and on that same day an Informational Press Release was issued nationwide via PR Newswire's "Auto Wire." Additionally, an online banner notice appeared on www.AutoNews.com, the digital version of *Automotive News*, from July 3, 2018 to July 23, 2018.[11]

The content and method for dissemination of notice fulfill the requirements of Federal Rule of Civil Procedure 23 and due process.

## V. CERTIFICATION OF THE DIRECT PURCHASER SETTLEMENT CLASS FOR PURPOSES OF EFFECTUATING THE PROPOSED SETTLEMENT IS APPROPRIATE

In the Preliminary Approval Order, the Court found that Rule 23's requirements were met and provisionally certified, for purposes of the proposed settlement only, the following class:

> All individuals and entities (excluding Defendants and their present and former parents, subsidiaries, and affiliates) who or that purchased Air Conditioning Systems in the United States directly from one or more Defendants (or their controlled subsidiaries, affiliates, or joint ventures) from January 1, 2001 through February 14, 2017.

---

[10] Settlement Class Counsel have decided not to seek the Court's authorization to use part of the Settlement Fund for this purpose.

[11] Consistent with paragraph 11 of the Notice Order, a declaration or affidavit confirming that notice was disseminated to the Settlement Class in accordance with the Notice Order will be filed at least 10 days prior to the Fairness Hearing.

Preliminary Approval Order at ¶ 4.[12]

It is well established that a class may be certified for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 24; *Cardizem,* 218 F.R.D. at 516-19; *Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266-70 (E.D. Ky. 2009).[13]

As demonstrated below, the VALEO Settlement Class meets all of the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes.

### A.     The Proposed VALEO Settlement Class Satisfies Rule 23(a).

Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Rule 23(b). *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Griffin*, 2013 WL 6511860, at *5; *Date,* 2013 WL 3945981, at *3.

---

[12] For purposes of the VALEO Settlement Class definition, the following entities are Defendants: Valeo Japan Co., Ltd., Valeo, Inc., Valeo Electrical Systems, Inc., Valeo Climate Control Corp.; Mitsubishi Heavy Industries, Ltd., Mitsubishi Heavy Industries America, Inc., Mitsubishi Heavy Industries Climate Control, Inc.; Denso Corporation, Denso International America, Inc.; Sanden Corp., Sanden International (U.S.A.), Inc., Sanden Automotive Climate Systems Corp., Sanden Automotive Components Corp.; Calsonic Kansei Corp., Calsonic Kansei North America, Inc.; and Panasonic Corp. Preliminary Approval Order at ¶ 5.

[13] Paragraph 10 of the Preliminary Approval Order provides that provisional certification of the Settlement Class will be without prejudice to the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. *See Packaged Ice*, 2011 WL 717519, at *7.

16

### 1. The Settlement Class is Sufficiently Numerous.

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable." Fed. R. Civ. P. 23(a)(1). There is no strict numerical test to satisfy the numerosity requirement; the most important factor is whether joinder of all the parties would be impracticable for any reason. *Whirlpool*, 722 F.3d at 852 (noting that "substantial" number of class members satisfies numerosity). Moreover, numerosity is not determined solely by the size of the class, but also by the geographic location of class members. *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Here, copies of the Notice were mailed to over 1,700 entities, geographically dispersed throughout the United States, that have been identified by Defendants as potential direct purchasers of Air Conditioning Systems. Thus, joinder of all Settlement Class members would be impracticable, satisfying Rule 23(a)(1).

### 2. There are Common Questions of Law and Fact.

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class." "We start from the premise that there need be only one common question to certify a class," *Whirlpool*, 722 F.3d at 853, and "the resolution of [that common issue] will advance the litigation." *Sprague*, 133 F.3d at 397. *Accord Barry v. Corrigan*, 2015 WL 136238, at *13 (E.D. Mich. Jan 9, 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, 2010 WL 5439737, at * 3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996)).

It has long been the case that "allegations concerning the existence, scope and efficacy of an alleged conspiracy present questions adequately common to class members to satisfy the commonality requirement." *In re Flat Glass Antitrust Litig.*, 191 F.R.D 472, 478 (W.D. Pa.

17

1999) (citing 4 *NEWBERG ON CLASS ACTIONS,* § 18.05-15 (3d ed. 1992)).   Here, whether Defendants entered into an illegal agreement to artificially fix prices of Air Conditioning Systems is a factual question common to all members of the Settlement Class because it is an essential element of proving an antitrust violation.   *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 25.   Common legal questions include whether, if such an agreement was reached, Defendants violated the antitrust laws and the impact on Class members.   *Packaged Ice*, 2011 WL 717519, at *6 (commonality requirement satisfied by questions concerning "whether Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members").   "Indeed, consideration of the conspiracy issue would, of necessity, focus on defendants' conduct, not the individual conduct of the putative class members."   *Flat Glass*, 191 F.R.D. at 484.   Because there are common legal and factual questions related to potential liability, the commonality requirement of Rule 23(a)(2) is met.

### 3.     Direct Purchaser Plaintiffs' Claims are Typical of Those of the Settlement Class.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).   "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members."  *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at * 19); *Date*, 2013 WL 3945981, at *3.

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'"  *Whirlpool*, 722 F.3d at 852 (quoting *Sprague*, 133 F.3d at 399).   Here, Plaintiffs' claims arise from the same course of conduct as the claims of the other Settlement

18

Class members: Defendants' alleged violations of the antitrust laws.  Plaintiffs and the other members of the Settlement Class are proceeding on the same legal claim, alleged violations of Section 1 of the Sherman Antitrust Act.  *See UAW*, 497 F. 3d at 625; *Barry v. Corrigan*, No. 13-cv-13185, 2015 WL 136238, at *13 (E.D. Mich. Jan. 9, 2015).  Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

### 4.    Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.

Rule 23(a)(4) requires that the class representative fairly and adequately protect the interests of the class.  "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel."  *Sheick v. Automotive Component Carrier LLC,* No. 09–14429, 2010 WL 3070130, at *3 (E.D. Mich. Aug. 2, 2010) (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 524-25 (6th Cir. 1976)).

These requirements are met here.  The interests of the proposed Settlement Class representatives - Tiffin and SLTNTRST - are the same as those of other Settlement Class members.  Plaintiffs are direct purchasers of Air Conditioning Systems from a Defendant in the United States.  Plaintiffs and the other Settlement Class members claim that they were injured as a result of the alleged conspiracy and seek to prove that Defendants violated the antitrust laws.  Plaintiffs' interests are thus aligned with those of the Settlement Class.

Moreover, Plaintiffs have retained qualified and experienced counsel to pursue this action.[14]  Settlement Class Counsel vigorously represented Plaintiffs and the Settlement Class in

---

[14] Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class.  The Court previously appointed Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti,

the settlement negotiations with VALEO and have vigorously prosecuted this action.  Adequate representation under Rule 23(a)(4) is therefore satisfied.

### B.   Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes.

In addition to satisfying Rule 23(a), plaintiffs must show that the proposed class action falls under at least one of the three subsections of Rule 23(b).  Here, the Settlement Class qualifies under Rule 23(b)(3), which authorizes class certification if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and… a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

### 1.   Common Legal and Factual Questions Predominate.

Rule 23(b)(3)'s requirement that common issues predominate ensures that a proposed class is "sufficiently cohesive" to warrant certification.  *Amchem*, 521 U.S. at 623.  The predominance requirement is met where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof."  *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).

Courts have repeatedly recognized that horizontal price-fixing cases are particularly well-suited for class certification because proof of the conspiracy is a common, predominating question.  *Scrap Metal*, 527 F.3d at 535; *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 27;

---

Flaherty, Beliveau & Pachios LLP, and Spector Roseman Kodroff & Willis, P.C. as Interim Co-Lead Counsel in this case and all other *Automotive Parts Antitrust Litigation* cases.  They submit that, for the same reasons that the Court appointed them to that position, their appointment as Settlement Class Counsel is appropriate.

*In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV-208, 2010 WL 3521747, at *5, 9-11 (E.D. Tenn. Sept. 7, 2010).  Affirming class certification in *Scrap Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-fixing and market allocation…will not vary among class members'….  Accordingly, the court found that the 'fact of damages' was a question common to the class even if the amount of damages sustained by each individual class member varied."  527 F.3d at 535 (emphasis in original).

In this case the same set of core operative facts and theory of liability apply to each member of the Settlement Class.  As discussed above, whether Defendants entered into an illegal agreement to artificially fix prices of Air Conditioning Systems is a question common to all Settlement Class members because it is an essential element of proving an antitrust violation.  Common questions also include whether, if such an agreement was reached, Defendants violated the antitrust laws, and whether Defendants' acts caused anticompetitive effects.  *See, e.g.*, *Packaged Ice*, 2011 WL 717519, at *6.  If Plaintiffs and the other Settlement Class members were to bring their own individual actions, they would each be required to prove the same wrongdoing by Defendants in order to establish liability.   Therefore, common proof of Defendants' violations of antitrust law will predominate.

### 2.     A Class Action is Superior to Other Methods of Adjudication.

Rule 23(b)(3) lists factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action.  Fed. R. Civ. P. 23(b)(3).

All Air Conditioning Systems litigation is centralized in this Court.  If a Settlement Class member wants to control its own litigation, it can request exclusion from the Settlement Class. Thus, consideration of factors (1) – (3) demonstrates the superiority of a class action.

With respect to the factor (4), in *Amchem,* 521 U.S. at 620, the Court explained that when a court is asked to certify a settlement-only class it need not consider the difficulties in managing a trial of the case because the settlement will end the litigation without a trial.  *See Cardizem,* 218 F.R.D. at 517.

In addition, even though the Settlement Class is not composed of small retail purchasers, "[g]iven the complexities of antitrust litigation, it is not obvious that all members of the class could economically bring suits on their own."  *In re Cardizem CD Antitrust Litig*, 200 F.R.D. 297, 325 (E.D. Mich. 2007) (quoting *Paper Systems Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 605 (E.D. Wisc. 2000)).  Moreover, by proceeding as a class action, both judicial and private resources will be more efficiently utilized to resolve the predominating common issues, which will bring about a single outcome that is binding on all members of the Settlement Class.  *E.g., Cardizem*, 200 F.R.D. at 351 ("The economies of time, effort and expense will be achieved by certifying a class in this action because the same illegal anticompetitive conduct by Defendants gives rise to each class member's economic injury.").  The alternatives to a class action are a multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive.  *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 527 (S.D.N.Y 1996).  Thus, class litigation is superior to the alternatives in this case.

## VI.    CONCLUSION

For the foregoing reasons, Direct Purchaser Plaintiffs respectfully request that the Court grant final approval of the VALEO settlement, and certify the VALEO Settlement Class for purposes of the settlement only.

DATED: July 30, 2018                                 Respectfully submitted,

                                                          /s/David H. Fink
                                                        David H. Fink (P28235)
                                                        Darryl Bressack (P67820)
                                                        Nathan J. Fink (P75185)
                                                        FINK + ASSOCIATES LAW
                                                        38500 Woodward Ave; Suite 350
                                                        Bloomfield Hills, MI 48304
                                                        (248) 971-2500

                                                        *Interim Liaison Counsel for the Direct Purchaser Plaintiffs*

Steven A. Kanner                          Joseph C. Kohn
William H. London                         William E. Hoese
Michael E. Moskovitz                      Douglas A. Abrahams
FREED KANNER LONDON                       KOHN, SWIFT & GRAF, P.C.
   & MILLEN LLC                           1600 Market Street, Suite 2500
2201 Waukegan Road, Suite 130             Philadelphia, PA 19103
Bannockburn, IL 60015                     Telephone: (215) 238-1700
Telephone: (224) 632-4500

Gregory P. Hansel                         Eugene A. Spector
Randall B. Weill                          William G. Caldes
Michael S. Smith                          Jonathan M. Jagher
PRETI, FLAHERTY, BELIVEAU                 Jeffrey L. Spector
   & PACHIOS LLP                          SPECTOR ROSEMAN & KODROFF, P.C.
One City Center, P.O. Box 9546            1818 Market Street, Suite 2500
Portland, ME 04112-9546                   Philadelphia, PA 19103
Telephone: (207) 791-3000                 Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2018, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to all counsel

of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI  48304
Telephone: (248) 971-2500
nfink@finkandassociateslaw.com

24