# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br>HON. MARIANNE O. BATTANI |
| In Re: AIR CONDITIONING SYSTEMS | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 2:13-cv-02701-MOB-MKM |

# NOTICE OF PROPOSED SETTLEMENT OF DIRECT PURCHASER CLASS ACTION WITH VALEO DEFENDANTS AND HEARING ON SETTLEMENT APPROVAL AND REQUESTS FOR ATTORNEYS' FEES AND LITIGATION COSTS AND EXPENSES

TO: ALL INDIVIDUALS AND ENTITIES WHO PURCHASED AIR CONDITIONING SYSTEMS IN THE UNITED STATES DIRECTLY FROM A DEFENDANT DURING THE PERIOD FROM JANUARY 1, 2001 THROUGH FEBRUARY 14, 2017.

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR LEGAL RIGHTS MAY BE AFFECTED BY LITIGATION NOW PENDING IN THIS COURT.

## WHAT IS THE PURPOSE OF THIS NOTICE AND WHY WAS IT SENT TO ME?

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Michigan, Southern Division. The purpose of this Notice is to inform you of a proposed settlement with Defendants Valeo Japan Co., Ltd., Valeo Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp. (collectively, "VALEO"). Under the terms of the proposed settlement, VALEO has made a payment in the amount of $9,500,000 (the "VALEO Settlement Fund") and will provide cooperation to assist Plaintiffs in the prosecution of the claims against the remaining Defendants.

This Notice is also to inform you that Settlement Class Counsel will make a request for an award of up to 33 1/3% of the Settlement Fund for attorneys' fees, and requests for reimbursement of litigation costs and expenses and for authorization to use of up to 10% of the Settlement Fund for future payments of litigation costs and expenses.

This litigation is part of coordinated legal proceedings involving a number of parts used in motor vehicles. The litigation, and the proposed settlement, relate solely to Air Conditioning Systems purchased **directly** from a Defendant. These proceedings do not relate to, and have no effect upon, cases involving any other product or non-direct purchaser.

For purposes of the proposed settlement, "Air Conditioning Systems" refers to systems that cool the interior environment of a vehicle and are part of the thermal segment of the automotive market. Air Conditioning Systems, whether sold together or separately, are defined to include one or more of the following: automotive compressors, condensers, control panels, HVAC units (typically consisting of a blower motor, actuators, flaps, evaporator, heater core, and filter embedded in a plastic housing), sensors, and associated hoses and pipes.

If you purchased Air Conditioning Systems in the United States directly from any of the Defendants identified below during the period from January 1, 2001 through February 14, 2017 (the "Class Period"), you are a member of the VALEO Settlement Class and have the rights and options summarized here:

- You may remain in the VALEO Settlement Class and be eligible to share in the VALEO Settlement Fund under a claims procedure that will be instituted in the future;

- You may exclude yourself from the VALEO Settlement Class, in which case you will **not** be bound by the settlement and will **not** be eligible to share in the VALEO Settlement Fund;
- If you do not exclude yourself from the VALEO Settlement Class, you may object in writing to the proposed settlement, to the request for an award of attorneys' fees and reimbursement of litigation costs and expenses, and to the request to use up to 10% of the Settlement Fund for litigation costs and expenses, and you may appear at the hearing where the Court will determine whether the proposed settlement should be approved as fair, adequate, and reasonable and whether a portion of the VALEO Settlement Fund may be used to pay for attorneys' fees and litigation costs and expenses; and
- You may enter an appearance in the litigation through your own counsel at your own expense.

You do **not** need to take any action at this time if you wish to remain in the VALEO Settlement Class. You should retain all of your records of Air Conditioning Systems purchases for use in the claims procedure that will be instituted at a later date.

## WHO IS IN THE SETTLEMENT CLASS?

On May 23, 2017, the Court certified a Direct Purchaser VALEO Settlement Class for purposes of disseminating notice of the proposed settlement, defined as follows:

> All individuals and entities (excluding Defendants and their present and former parents, subsidiaries, and affiliates) who or that purchased Air Conditioning Systems in the United States directly from one or more Defendants (or their controlled subsidiaries, affiliates, or joint ventures) from January 1, 2001 through February 14, 2017.

For purposes of the VALEO Settlement Class definition, the following entities are Defendants: Valeo Japan Co., Ltd., Valeo, Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp.; Mitsubishi Heavy Industries, Ltd., Mitsubishi Heavy Industries America, Inc., and Mitsubishi Heavy Industries Climate Control, Inc.; Denso Corporation and Denso International America, Inc.; Sanden Corp., Sanden International (U.S.A.), Inc., Sanden Automotive Climate Systems Corp., and Sanden Automotive Components Corp.; Calsonic Kansei Corp. and Calsonic Kansei North America, Inc.; and Panasonic Corp.

Plaintiffs Tiffin Motor Homes, Inc. ("Tiffin") and SLTNTRST LLC ("SLTNTRST") have been appointed by the Court to serve as the Class Representatives for the VALEO Settlement Class. The Court has appointed the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. to serve as Settlement Class Counsel for the VALEO Settlement Class.

## WHAT IS THIS LITIGATION ABOUT?

Plaintiffs allege that Defendants conspired to suppress and eliminate competition for Air Conditioning Systems by agreeing to allocate the supply of, and to raise, fix, maintain, or stabilize prices for, Air Conditioning Systems sold in the United States, in violation of federal antitrust laws. Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of Air Conditioning Systems were injured by paying more for those products than they would have paid in the absence of the alleged illegal conduct, and they seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

VALEO denies Plaintiffs' allegations but has agreed to settle this matter in order to avoid the expense and burden of further litigation. The Court has not issued any findings or rulings with respect to the merits of Plaintiffs' claims or VALEO's defenses. This is a settlement with VALEO only. The litigation against the remaining Defendants will continue.

## WHAT RELIEF DOES THE PROPOSED SETTLEMENT PROVIDE?

Plaintiffs, on behalf of the VALEO Settlement Class, have entered into a settlement agreement with VALEO dated February 14, 2017, in which VALEO has agreed to pay $9,500,000. The Settlement Agreement gives VALEO the right to reduce the settlement amount, but in no event to less than $8,000,000, or to withdraw from the settlement based upon valid and timely requests for exclusion by members of the VALEO Settlement Class.

VALEO has also agreed to cooperate with Plaintiffs in the prosecution of the lawsuit against the remaining Defendants, by providing the following cooperation: (a) production of documents, data and other information potentially relevant to Plaintiffs' claims; (b) assistance in understanding information produced to Plaintiffs and using such information at trial; (c) meetings between Settlement Class Counsel and VALEO's attorneys, to provide proffers of information relevant to this litigation; (d) witness interviews; (e) declarations or affidavits; (f) depositions; and (g) trial testimony.

Settlement Class Counsel agreed to the proposed settlement to ensure a fair and reasonable resolution of Plaintiffs' claims, and to provide benefits to the members of the VALEO Settlement Class, while recognizing the existence of complex, contested issues of law and fact, the risks inherent in such complex litigation (including the risk of no recovery), and the likelihood that without a settlement, future proceedings would take several years and be extremely costly. Settlement Class Counsel believe that it is in the best interests of the VALEO Settlement Class to enter into the proposed settlement and resolve this litigation as to VALEO.

This Notice is only a summary of the terms of the proposed settlement. The Settlement Agreement contains other important provisions, including the release of certain claims against VALEO. A copy of the Settlement Agreement is on file with the Clerk of Court and available on-line at **www.autopartsantitrustlitigation.com**. The proposed settlement must receive final approval by the Court in order to become effective.

If you are a member of the VALEO Settlement Class and the proposed settlement is approved and becomes effective, you will be bound by its terms, including the release provisions. If you wish to object to approval of the VALEO settlement, you may do so, but only in accordance with the procedures set forth below. If you do not object to the VALEO settlement, you do not need to take any action at this time to indicate your support for, or lack of objection to, the settlement.

## HOW DO I REMAIN IN THE SETTLEMENT CLASS AND WHAT HAPPENS IF I DO?

If you are a member of the VALEO Settlement Class, you will automatically remain in the Class unless you elect to be excluded. If you wish to remain in the Class, you do not need to take any action at this time; your interests will be represented by the Class Representatives and by Settlement Class Counsel. You will have no responsibility to individually pay attorneys' fees or expenses. Any attorneys' fees and expenses will be paid solely from the VALEO Settlement Fund and must be approved by the Court. If you choose, you may also have your own attorney enter an appearance on your behalf and at your expense.

If you remain in the VALEO Settlement Class and an order dismissing VALEO from the litigation becomes final and unappealable, you will be bound by that judgment.

As a member of the VALEO Settlement Class, you will be eligible to share in the VALEO Settlement Fund pursuant to a claims procedure that will begin at a later date. Settlement Class Counsel are not presently asking the Court to distribute any VALEO Settlement Fund proceeds. If you remain a member of the VALEO Settlement Class, you will receive additional notice at a later date and you will have an opportunity to object to and be heard in connection with the proposed plan of distribution at that time.

**Do not dispose of any document that reflects your purchases of Air Conditioning Systems in the United States directly from any Defendant during the period from January 1, 2001 through February 14, 2017. You may need those documents to complete a claim form in the future, which would be subject to inquiry and verification if the VALEO settlement is approved.**

## WHAT IF I DO NOT WANT TO REMAIN IN THE SETTLEMENT CLASS?

If you wish to exclude yourself from the VALEO Settlement Class, you must send a request for exclusion, in writing, via certified mail, return receipt requested, **postmarked no later than August 22, 2018**, to Settlement Class Counsel at the addresses set forth below, and also to the following address:

> Air Conditioning Systems Direct Purchaser Antitrust Litigation
> P.O. Box 2530
> Portland, OR 97208-2530

Your request for exclusion must include the full name and address of the purchaser (including any predecessor or successor entities and any trade names). You are also requested to identify the Defendant(s) from which you purchased Air Conditioning Systems during the Class Period, the Air Conditioning Systems you purchased, and the dollar amount of those purchases. If you validly exclude yourself from the VALEO Settlement Class, you will not be bound by any decision concerning the VALEO settlement and you may individually pursue any claims you may have against VALEO at your own expense, but you will not be eligible to share in the VALEO Settlement Fund.

## HOW WILL SETTLEMENT CLASS COUNSEL BE PAID?

The Court has appointed the law firms identified above as Settlement Class Counsel. These law firms and the other Plaintiffs' Class Counsel will file a petition for an award of attorneys' fees and reimbursement of their out-of-pocket costs and expenses. The request of Settlement Class Counsel for attorneys' fees will not exceed 33 1/3 percent of the VALEO Settlement Fund.

Settlement Class Counsel will also seek authorization from the Court to use up to 10% of the Settlement Fund for future payments of litigation costs and expenses.

The application for attorneys' fees and litigation costs and expenses will be filed on or before July 30, 2018. If you remain in the VALEO Settlement Class and you wish to object to the requests for attorneys' fees and litigation costs and expenses, you must do so in writing in accordance with the procedures for objections set forth below. If you do not oppose these requests, you do not need to take any action in that regard.

## WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT AND REQUESTS FOR FEES AND EXPENSES AND HOW CAN I TELL THE COURT WHAT I THINK ABOUT THE SETTLEMENT AND RELATED MATTERS?

The Court will hold a hearing on September 26, 2018, at 2:45 p.m., at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226, Courtroom 737 (or such other courtroom as may be assigned for the hearing), to determine whether the proposed VALEO settlement should be approved as fair, reasonable, and adequate. The Court will also consider at the hearing whether to approve Settlement Class Counsel's request for an award of attorneys' fees and reimbursement of litigation costs and expenses, and the request to use part of the Settlement Fund for future payments of litigation costs and expenses. The hearing may be rescheduled, adjourned or continued, and the courtroom assigned for the hearing may be changed, without further notice to you.

If you do not exclude yourself from the VALEO Settlement Class and you wish to object to the VALEO settlement, to the request for an award of attorneys' fees and reimbursement of litigation costs and expenses, or to the request to use part of the Settlement Fund for future payments of litigation costs and expenses, you must do so in writing. Your objection must include the caption of this litigation, must be signed, and must be **filed no later than August 22, 2018**, with the Clerk of Court, United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226, and mailed to the following counsel, **postmarked no later than August 22, 2018**:

Steven A. Kanner
FREED KANNER LONDON
& MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500

Joseph C. Kohn
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700

Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU
& PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112
Telephone: (207) 791-3000

Eugene A. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300

*Settlement Class Co-Lead Counsel*

Brian Byrne
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 974-1500

*Counsel for the VALEO Defendants*

If you do not object to the proposed VALEO settlement or to the requests for attorneys' fees and litigation costs and expenses, you do not need to appear at the hearing or take any other action at this time.

## WHAT SHOULD I DO IF I WANT ADDITIONAL INFORMATION OR IF MY ADDRESS CHANGES?

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your correct address to: **Air Conditioning Systems Direct Purchaser Antitrust Litigation, P.O. Box 2530, Portland, OR 97208-2530.**

The Settlement Agreement, Complaint, and other public documents filed in this litigation are available for review during normal business hours at the offices of the Clerk of Court, United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226, and through the Court's Public Access to Court Electronic Records (PACER) system after registration and payment of a modest fee. Copies of the Settlement Agreement and certain other documents relevant to this litigation are available at **www.autopartsantitrustlitigation.com**. Questions concerning the proposed settlement, this Notice, or the litigation may be directed to any of the Settlement Class Counsel identified above.

**Please do not contact the Clerk of the Court or the Judge.**

Dated: June 28, 2018                                                       BY ORDER OF:

The United States District Court for the Eastern District of Michigan, Southern Division

U9345 v.05 06.19.2018