UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br>HON. MARIANNE O. BATTANI |
| In Re: AIR CONDITIONING SYSTEMS | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 2:13-cv-02701-MOB-MKM |

## ORDER AND FINAL JUDGMENT

Tiffin Motor Homes and SLTNTRST LLC (the "Direct Purchaser Plaintiffs") on behalf of themselves and the Settlement Class members, and Defendants Valeo Japan Co., Ltd., Valeo Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp. (collectively, "VALEO") entered into a Settlement Agreement dated February 14, 2017 to fully and finally resolve the Settlement Class's claims against VALEO and the other Releasees.  On March 21, 2017, this Court preliminarily approved the proposed VALEO settlement (the "Preliminary Approval Order").  On June 14, 2018, the Court authorized dissemination of notice of the proposed VALEO settlement, the fairness hearing, and the requests for attorneys' fees and litigation costs and expenses (the "Notice Order").  Notice was provided to the Settlement Class pursuant to the Notice Order and the Court held a fairness hearing on September 26, 2018.

Having considered the Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement with the VALEO Defendants, oral argument presented at the fairness hearing, and the complete record in this matter,

{00186710 }

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order and Final Judgment and not otherwise defined herein have the same meanings as those used in the Settlement Agreement.

3. The Notice Order outlined the form and manner by which the Direct Purchaser Plaintiffs would provide the Settlement Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice via first class mail to members of the Settlement Class who could be identified through reasonable efforts, and posting of the Notice on the Internet on a website dedicated to this litigation. A Summary Notice was published in *Automotive News* and an Informational Press Release was issued nationwide via PR Newswire's "Auto Wire." Additionally, an online banner notice appeared on [www.AutoNews.com](www.AutoNews.com), the digital version of *Automotive News*. Proof that mailing, publication and posting conformed with the Notice Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23, and the requirements of due process. It provided due and adequate notice to the Settlement Class.

4. The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. The settlement was entered into by the parties in good faith.

6. Final approval of the settlement with VALEO is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the Settlement Class. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Settlement Class's reaction to the settlement, and the result achieved.

7. The Settlement Class provisionally certified by the Court in its Preliminary Approval Order is hereby certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is composed of: "All individuals and entities (excluding Defendants and their present and former parents, subsidiaries, and affiliates) who or that purchased Air Conditioning Systems in the United States directly from one or more Defendants (or their controlled subsidiaries, affiliates, or joint ventures) from January 1, 2001 through February 14, 2017." The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

8. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion.

9. The entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded. Such entities are not included in or bound by this Order and Final Judgment. Such entities are not entitled to any recovery from the settlement proceeds obtained through this settlement.

10. The Action and all Released Claims are hereby dismissed with prejudice with respect to the Releasees and without costs. The Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of the Releasees. This dismissal applies only in favor of VALEO and the other Releasees.

11. The Escrow Account, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

12. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

13. This Order and Final Judgment does not settle or compromise any claims by the Direct Purchaser Plaintiffs or the Settlement Class against any other Defendant or other person or entity other than VALEO and the other Releasees, and all rights against any other Defendant or other person or entity are specifically reserved.

14. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for distribution of funds, attorneys' fees or reimbursement made by Plaintiffs' Counsel; (d) any application for incentive awards for the Direct Purchaser Plaintiffs; and (e) the distribution of the settlement proceeds to Settlement Class members.

15. Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to VALEO.

**IT IS SO ORDERED.**

Date: November 21, 2018          s/Marianne O. Battani
                                                        MARIANNE O. BATTANI
                                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 21, 2018.

s/ Kay Doaks
Case Manager

## EXHIBIT "A"

### AUTOMOTIVE PARTS ANTITRUST LITIGATION, 12-MD-02311, AIR CONDITIONING SYSTEMS, 2:13-CV-02701-MOB-MKM

### REQUESTS FOR EXCLUSION FROM THE DIRECT PURCHASER VALEO SETTLEMENT CLASS

1. FORD MOTOR COMPANY and its wholly-owned divisions, subsidiaries and affiliates

2. GENERAL MOTORS LLC, GENERAL MOTORS COMPANY, GENERAL MOTORS HOLDINGS LLC and their subsidiaries and majority-owned affiliates

3. DAIMLER AG

4. DAIMLER TRUCKS NORTH AMERICA LLC, formerly known as Freightliner Corporation and Freightliner LLC

5. MERCEDES-BENZ U.S. INTERNATIONAL, INC.

6. NISSAN NORTH AMERICA, INC.

7. BMW MANUFACTURING CO. LLC, BMW CONSOLIDATION SERVICES CO. LLC