# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Case No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: AIR CONDITIONING SYSTEMS | Case No. 2:13-cv-02701 |
| In Re: ALTERNATORS | Case No. 2:13-cv-00701 |
| In Re: CERAMIC SUBSTRATES | Case No. 2:15-cv-13634 |
| In Re: FUEL INJECTION SYSTEMS | Case No. 2:15-cv-11828 |
| In Re: FUEL SENDERS | Case No. 2:16-cv-03801 |
| In Re: HEATER CONTROL PANELS | Case No. 2:17-cv-13785 |
| In Re: IGNITION COILS | Case No. 2:13-cv-02201 |
| In Re: INSTRUMENT PANEL CLUSTERS | Case No. 2:15-cv-11827 |
| In Re: OXYGEN SENSORS | Case No. 2:15-cv-13423 |
| In Re: RADIATORS | Case No. 2:12-cv-00301 |
| In Re: SPARK PLUGS | Case No. 2:12-cv-00401 |
| In Re: STARTERS | Case No. 2:13-cv-01401 |
| In Re: VALVE TIMING CONTROL DEVICES | Case No. 2:15-cv-11830<br>Case No. 2:12-cv-00201 |
| In Re: WINDSHIELD WASHERS SYSTEMS | Case No. 2:12-cv-03101 |
| In Re: WINDSHIELD WIPER SYSTEMS | Case No. 2:13-cv-01001 |
| In Re: WIRE HARNESS PRODUCTS | Case No. 2:17-cv-13147 |
| | Case No. 2:19-cv-10971 |
| | Case No. 2:15-cv-03001 |
| | Case No. 2:13-cv-01101 |
| | Case No. 2:13-cv-02501 |
| | Case No. 2:17-cv-13158 |
| | Case No. 2:19-cv-10980 |
| | Case No. 2:13-cv-02801 |
| | Case No. 2:13-cv-00901 |
| | Case No. 2:12-cv-00101 |

THIS DOCUMENT RELATES TO:
ALL DIRECT PURCHASER ACTIONS

---

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
SETTLEMENTS WITH THE DENSO DEFENDANTS
AND PROVISIONAL CERTIFICATION OF THE
<u>DIRECT PURCHASER SETTLEMENT CLASSES</u>**

Upon consideration of the Direct Purchaser Plaintiffs' Amended Motion for Preliminary Approval of Proposed Settlements with the DENSO Defendants and for Provisional Certification of the Direct Purchaser Settlement Classes (the "Amended Motion"), it is hereby ORDERED as follows:

1. The Amended Motion is hereby **GRANTED**.

2. Terms used in this Order that are defined in the DENSO Settlement Agreements (the "Settlement Agreements") in the Collective Actions are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreements.

## Preliminary Approval of Settlement Agreements

3. The terms of the Settlement Agreements in the Collective Actions are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Classes, subject to fairness hearings. In preliminarily approving the Settlement Agreements, the Court makes the following findings:

   a. The proposed class representatives and Settlement Class Counsel have adequately represented the Settlement Classes;

   b. The Settlement Agreements were entered into at arm's length by experienced counsel and are sufficiently within the range of reasonableness that notice of the Settlement Agreements should be given to members of the proposed Settlement Classes, pursuant to a plan to be submitted by Settlement Class Counsel to the Court for approval in separate motions;

   c. The relief provided for the Settlement Classes is adequate; and

   d. The Settlement Agreements treat members of the Settlement Classes equitably relative to each other.

<u>Class Certification</u>

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlements in the Collective Actions, the Court hereby finds that the prerequisites for a class action have been met, and provisionally certifies the following classes for settlement purposes (the "Settlement Classes")[1]:

    a. *Air Conditioning Systems*

    All individuals and entities who purchased Air Conditioning Systems in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2001 through February 14, 2017. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

    b. *Alternators*

    All individuals and entities who purchased Alternators in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through March 12, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

    c. *Ceramic Substrates*

    All individuals and entities who purchased Ceramic Substrates in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from July 1, 1999 through October 29, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

---

[1] Exhibit 1, which is incorporated hereto, lists the sixteen Collective Actions, the named Plaintiffs representing the proposed Settlement Classes in each Collective Action, and the identity of the Defendants for each of the proposed Settlement Classes.

d. *Fuel Injection Systems*

All individuals and entities who purchased Fuel Injection Systems in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint-ventures) from January 1, 2000 through March 12, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

e. *Fuel Senders*

All individuals and entities who purchased Fuel Senders in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2001 through December 27, 2016. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

f. *Heater Control Panels*

All individuals and entities who purchased Heater Control Panels in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through March 23, 2017. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

g. *Ignition Coils*

All individuals and entities who purchased Ignition Coils in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through March 12, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

h. *Instrument Panel Clusters*

All individuals and entities who purchased Instrument Panel Clusters in the United States directly from one or more Defendant(s) (or their subsidiaries,

affiliates, or joint ventures) from January 1, 1998 through December 27, 2016. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

i. *Oxygen Sensors*

All individuals and entities who purchased Oxygen Sensors in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through February 4, 2019. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

j. *Radiators*

All individuals and entities who purchased Radiators in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 1998 through August 14, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

k. *Spark Plugs*

All individuals and entities who purchased Spark Plugs in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through February 4, 2019. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

l. *Starters*

All individuals and entities who purchased Starters in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through March 12, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and

instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

m. *Valve Timing Control Devices*

All individuals and entities who purchased Valve Timing Control Devices in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through March 12, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

n. *Windshield Washers Systems*

All individuals and entities who purchased Windshield Washers Systems in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through August 14, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

o. *Windshield Wiper Systems*

All individuals and entities who purchased Windshield Wiper Systems in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through August 14, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

p. *Wire Harness Products*

All individuals and entities who purchased Wire Harness Products in the United States directly from one or more Defendant(s) (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through December 13, 2016. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

5. The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreements because: (a) the Settlement Classes are so numerous that

joinder is impracticable; (b) the Direct Purchaser Plaintiff Class representatives' claims present common issues and are typical of the Settlement Classes; (c) the Direct Purchaser Plaintiff Class representatives and Settlement Class Counsel (identified below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes.  The Court further finds that the Direct Purchaser Plaintiff Class representatives' interests are aligned with the interests of all other members of the Settlement Classes.  The Court also finds settlement of the Collective Actions on a class basis superior to other means of resolving the Collective Actions.

Appointment of Class Representatives and Settlement Class Counsel

6. The Court hereby appoints the following Direct Purchaser Plaintiffs to serve as Class Representatives for the Settlement Classes as follows:

    a. Tiffin Motor Homes, Inc. is appointed as the Class Representative for the *Air Conditioning Systems* Settlement Class;

    b. Irving Levine Automotive Distributors, Inc. and All European Auto Supply, Inc. are appointed as the Class Representatives for the *Alternators* Settlement Class;

    c. Airflow Catalyst Systems, Inc. is appointed as the Class Representative for the *Ceramic Substrates* Settlement Class;

    d. Vitec, L.L.C. and Irving Levine Automotive Distributors, Inc. are appointed as the Class Representatives for the *Fuel Injection Systems* Settlement Class;

    e. Vitec, L.L.C. is appointed as the Class Representative for the *Fuel Senders* Settlement Class;

f. Tiffin Motor Homes, Inc. is appointed as the Class Representative for the *Heater Control Panels* Settlement Class;

g. All European Auto Supply, Inc. is appointed as the Class Representative for the *Ignition Coils* Settlement Class;

h. ACAP, L.L.C., f/k/a Aguirre, Collins & Aikman, LLC is appointed as the Class Representative for the *Instrument Panel Clusters* Settlement Class;

i. All European Auto Supply, Inc. and Irving Levine Automotive Distributors, Inc. are appointed as the Class Representatives for the *Oxygen Sensors* Settlement Class;

j. Irving Levine Automotive Distributors, Inc. is appointed as the Class Representative for the *Radiators* Settlement Class;

k. Hopkins Auto Supply Inc., d.b.a. Thrifty Auto Supply, Irving Levine Automotive Distributors, Inc., and KMB/CT, Inc. are appointed as the Class Representatives for the *Spark Plugs* Settlement Class;

l. Tiffin Motor Homes, Inc. is appointed as the Class Representative for the *Starters* Settlement Class;

m. All European Auto Supply, Inc. is appointed as the Class Representative for the *Valve Timing Control Devices* Settlement Class;

n. Tiffin Motor Homes, Inc. is appointed as the Class Representative for the *Windshield Washers Systems* Settlement Class;

o. Tiffin Motor Homes, Inc. is appointed as the Class Representative for the *Windshield Wiper Systems* Settlement Class; and

    p. Paesano Connecting Systems, Inc., Craft-Co Enterprises, Inc., Findlay Industries, Inc., Cesar-Scott, Inc., Martinez Manufacturing, Inc., South Star Corporation and ACAP, L.L.C., f/k/a Aguirre, Collins & Aikman Plastics, LLC are appointed as the Class Representatives for the *Wire Harness Products* Settlement Class.

7. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. to serve as Co-Lead Settlement Class Counsel for the Settlement Class having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

## Other Provisions

8. In the event that any Settlement Agreement in the Collective Actions is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiff, the DENSO Defendants, and the members of the Settlement Class.

9. The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

10. The Court approves the escrow accounts referenced in the Settlement Agreements as qualified settlement funds ("QSFs") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSFs. Settlement Class Counsel are authorized to use funds from the QSFs in accordance with the Settlement Agreements, including to pay costs of notice, taxes, tax expenses, and costs of maintaining and administering the Settlement Funds.

11. The Direct Purchaser Class litigation against the DENSO Defendants is stayed except to the extent necessary to effectuate the Settlement Agreements.

**IT IS SO ORDERED.**

Date:   April 24, 2019                         s/Marianne O. Battani
                                               MARIANNE O. BATTANI
                                               United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 24, 2019.

                                               s/ Kay Doaks
                                               Case Manager

# EXHIBIT 1

| Cases | Plaintiffs | Defendants |
|---|---|---|
| In Re: Air Conditioning Systems Cases (2:13-cv-02701) | Tiffin Motor Homes, Inc. | DENSO Corporation; DENSO International America, Inc. |
| In Re: Alternators Cases (2:13-cv-00701, 2:15-cv-13634, 2:15-cv-11828) | Irving Levine Automotive Distributors, Inc.; All European Auto Supply, Inc. | DENSO Corporation; DENSO International America, Inc.; DENSO Products & Services Americas, Inc.; DENSO Korea Corporation f/k/a DENSO International Korea Corporation |
| In Re: Ceramic Substrates Cases (2:17-cv-13785) | Airflow Catalyst Systems, Inc. | DENSO Corporation; DENSO International America, Inc. |
| In Re: Fuel Injection Systems Cases (2:13-cv-02201, 2:15-cv-11827, 2:15-cv-13423) | Vitec, L.L.C.; Irving Levine Automotive Distributors, Inc. | DENSO Corporation; DENSO International America, Inc.; DENSO Korea Corporation f/k/a DENSO International Korea Corporation |
| In Re: Fuel Senders Cases (2:12-cv-00301) | Vitec, L.L.C. | DENSO Corporation; DENSO International America, Inc. |
| In Re: Heater Control Panels Cases (2:12-cv-00401) | Tiffin Motor Homes, Inc. | DENSO Corporation; DENSO International America, Inc. |
| In Re: Ignition Coils Cases (2:13-cv-01401, 2:15-cv-11830) | All European Auto Supply, Inc. | DENSO Corporation; DENSO International America, Inc.; DENSO Products & Services Americas, Inc.; DENSO Korea Corporation f/k/a DENSO International Korea Corporation |
| In Re: Instrument Panel Clusters Cases (2:12-cv-00201) | ACAP, L.L.C., f/k/a Aguirre, Collins & Aikman, LLC | DENSO Corporation; DENSO International America, Inc. |
| In Re: Oxygen Sensors Cases (2:15-cv-03101) | All European Auto Supply, Inc.; Irving Levine Automotive Distributors, Inc. | DENSO Corporation; DENSO International America, Inc.; DENSO Products & Services Americas, Inc. |
| In Re: Radiators Cases (2:13-cv-01001, 2:17-cv-13147, 2:19-cv-10971) | Irving Levine Automotive Distributors, Inc. | DENSO Corporation; DENSO International America, Inc. |
| In Re: Spark Plugs (2:15-cv-03001) | Hopkins Auto Supply Inc., d.b.a. Thrifty Auto Supply; Irving Levine Automotive Distributors, Inc.; KMB/CT, Inc. | DENSO Corporation; DENSO International America, Inc.; DENSO Products & Services Americas, Inc. |
| In Re: Starters Cases (2:13-cv-01101) | Tiffin Motor Homes, Inc. | DENSO Corporation; DENSO International America, Inc. |
| In Re: Valve Timing Control Devices Cases (2:13-cv-02501, 2:17-cv-13158) | All European Auto Supply, Inc. | DENSO Corporation; DENSO International America, Inc. |
| In Re: Windshield Washer Systems Cases (2:13-cv-02801) | Tiffin Motor Homes, Inc. | DENSO Corporation; DENSO International America, Inc.; ASMO Co. Ltd., ASMO Manufacturing, Inc.; ASMO North America, LLC |
| In Re: Windshield Wipers Cases (2:13-cv-00901) | Tiffin Motor Homes, Inc. | DENSO Corporation; ASMO Co. Ltd. |

| | | |
|---|---|---|
| In Re: Wire Harness Cases (2:12-cv-00101) | Paesano Connecting Systems, Inc.; Craft-Co Enterprises, Inc.; Findlay Industries, Inc.; Cesar-Scott, Inc.; Martinez Manufacturing, Inc.; South Star Corporation; and ACAP, L.L.C., f/k/a Aguirre, Collins & Aikman Plastics, LLC) | DENSO Corporation; DENSO International America, Inc. |