UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br>HON. MARIANNE O. BATTANI |
| In Re: AIR CONDITIONING SYSTEMS | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | 2:13-cv-02701-MOB-MKM<br>2:17-cv-12540-MOB-MKM |

**ORDER GRANTING PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT WITH THE MAHLE BEHR
DEFENDANTS, PROVISIONAL CERTIFICATION OF THE MAHLE BEHR
SETTLEMENT CLASS, AND AUTHORIZING DISSEMINATION OF
NOTICE TO THE DIRECT PURCHASER CALSONIC, DENSO,
MAHLE BEHR AND PANASONIC SETTLEMENT CLASSES**

Upon consideration of the Direct Purchaser Plaintiff's Motion for Preliminary Approval of Proposed Settlement with the MAHLE Behr Defendants and for Authorization to Disseminate Notice to the Calsonic, DENSO, MAHLE Behr and Panasonic Settlement Classes (the "Motion"), and supporting memorandum (the "Notice Memorandum"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in this Order that are defined in the MAHLE Behr Settlement Agreement (the "MAHLE Behr Settlement Agreement") are, unless otherwise defined herein, used as defined in the Settlement Agreement.

<u>Preliminary Approval of MAHLE Behr Settlement Agreement</u>

3. The terms of the MAHLE Behr Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing. In preliminarily approving the Settlement Agreement, the Court makes the following findings:

a. The proposed class representative and Settlement Class Counsel have adequately represented the Settlement Class;

b. The MAHLE Behr Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the MAHLE Behr Settlement Agreement should be given to members of the proposed MAHLE Behr Settlement Class;

c. The relief provided for the MAHLE Behr Settlement Class is adequate; and

d. The Settlement Agreement treats members of the MAHLE Behr Settlement Class equitably relative to each other.

<u>Class Certification</u>

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met, and provisionally certifies the following class for settlement purposes (the "MAHLE Behr Settlement Class"):

> All individuals and entities who or that purchased Air Conditioning Systems in the United States directly from one or more Defendants (or their controlled subsidiaries, affiliates, or joint ventures) from January 1, 2001 through February 14, 2017. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

5. For purposes of the Proposed Settlement Class definition, the following entities are Defendants: Valeo Japan Co., Ltd.; Valeo, Inc.; Valeo Electrical Systems, Inc.; Valeo Climate Control Corp.; Mitsubishi Heavy Industries, Ltd.; Mitsubishi Heavy Industries America, Inc.; Mitsubishi Heavy Industries Climate Control, Inc.; Denso Corporation; Denso International America, Inc.; MAHLE Behr GmbH & Co. KG; MAHLE Behr USA Inc.; Sanden Corp.; Sanden International (U.S.A.), Inc.; Sanden Automotive Climate Systems Corp.; Sanden Automotive Components Corp.; Calsonic Kansei Corp.; CalsonicKansei North America, Inc.; Panasonic Corp.; and Panasonic Corporation of North America.

6. The Court finds that provisional certification of the MAHLE Behr Settlement Class is warranted in light of the Settlement Agreement because: (a) the MAHLE Behr Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class Representative's claims present common issues and are typical of the MAHLE Behr Settlement Class; (c) the Direct Purchaser Plaintiff Class Representative and Settlement Class Counsel (identified below) will fairly and adequately represent the MAHLE Behr Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the MAHLE Behr Settlement Class. The Court further finds that the Direct Purchaser Plaintiff Class Representative's interests are aligned with the interests of all other members of the MAHLE Behr Settlement Class. The Court also finds that settlement of this action on a class basis superior to other means of resolving the matter.

<u>Appointment of Class Representative and Settlement Class Counsel</u>

7. The Court hereby appoints Tiffin Motor Homes, Inc. to serve as Class Representative for the MAHLE Behr Settlement Class.

8. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. to serve as Co-Lead Settlement Class Counsel for the MAHLE Behr Settlement Class, having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

<u>Notice to Potential Calsonic, DENSO, MAHLE Behr and Panasonic Settlement Class Members</u>

9. On February 4, 2019, Plaintiff reached a proposed settlement with the DENSO Defendants. The Court entered an order preliminarily approving the DENSO settlement on April 24, 2019, as amended May 23, 2019. (2:13-cv-02701, ECF No. 153, 162).

10. On February 28, 2019, Plaintiff reached a proposed settlement with the Calsonic Defendants. The Court entered an order preliminarily approving the Calsonic settlement on May 16, 2019. (2:13-cv-02701, ECF No. 161).

11. On April 15, 2019, Plaintiff reached a proposed settlement with the Panasonic Defendants. The Court entered an order preliminarily approving the Panasonic settlement on May 30, 2019. (2:13-cv-02701, ECF No. 165).

12. The Calsonic, DENSO, MAHLE Behr and Panasonic Settlement Classes shall receive notice in accordance with the terms of this Order.

13. The Court approves the form and content of: (a) the Notice of Proposed Settlements of Direct Purchaser Class Action with the Calsonic, DENSO, MAHLE Behr and Panasonic Defendants and Hearing on Settlement Approval and Related Matters (the "Notice"), attached as Exhibit 2 to the Notice Memorandum; (b) the Summary Notice of Proposed Settlements of Direct Purchaser Class Action with Calsonic, DENSO, MAHLE Behr and Panasonic Defendants and Hearing on Settlement Approval and Related Matters (the "Summary

Notice"), attached as Exhibit 3 to the Notice Memorandum; and (c) the Informational Press Release (the "Press Release"), attached as Exhibit 4 to the Notice Memorandum.

14. The Court finds that the mailing of the Notice and publication of the Summary Notice and Press Release, in the manner set forth herein constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

15. On or before August 8, 2019, the Notice, in substantially the same form as Exhibit 2 to the Notice Memorandum, shall be mailed by first class mail, postage prepaid, to all potential members of the Calsonic, DENSO, MAHLE Behr and Panasonic Settlement Classes identified by Defendants. The Notice shall also be provided to all persons who request it in response to the Summary Notice or Press Release. In addition, a copy of the Notice shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation.

16. On or before August 16, 2019, Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit 3 to the Notice Memorandum, to be published in one edition of *Automotive News*. Additionally, an online banner notice will appear over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*. To supplement the notice program further, the Press Release will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications.

i. On or before September 6, 2019, Settlement Class Counsel shall file with the Court their motion or motions for final approval of the proposed settlements with the Calsonic,

DENSO, MAHLE Behr, and Panasonic Defendants and an award of attorneys' fees and expenses.

  ii. All requests for exclusion from any of the Calsonic, DENSO, MAHLE Behr, and Panasonic Settlement Classes must be in writing, postmarked no later than September 27, 2019, and must otherwise comply with the requirements set forth in the Notice. Requests for exclusion must be sent to Settlement Class Counsel, counsel for Settling Defendants, and to an address specific to the Air Conditioning Systems Direct Purchaser Antitrust Litigation. The address for each recipient is listed in the Notice.

  iii. All objections by any member of the Calsonic, DENSO, MAHLE Behr and Panasonic Settlement Classes to any of those proposed settlements, or to the requests for attorney's fees and expenses, must be in writing, must be filed with the Clerk of Court and postmarked no later than September 27, 2019, and must otherwise comply with the instructions set forth in the Notice. Objections must be sent to the Clerk of the Court, Settlement Class Counsel, and counsel for the Settling Defendants. The address for each recipient is listed in the Notice.

  iv. At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary Notice and Press Release, were made, showing that mailing, posting and publication were made in accordance with the Notice Order.

  17. The Court will hold a Fairness Hearing on November 5, 2019, at 2:00 p.m., at the Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, MI, 48226, Courtroom 250 (or such other courtroom as may be assigned for the hearing), to determine whether to approve:

(1) the proposed Calsonic, DENSO, MAHLE Behr and Panasonic settlements; and (2) Settlement Class Counsel's request for an award of attorneys' fees and litigation costs and expenses. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. The Fairness Hearing may be rescheduled, adjourned or continued, and the courtroom assigned for the hearing may be changed, without further notice to the Settlement Classes.

Other Provisions

18. In the event that the MAHLE Behr Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiff, the MAHLE Behr Defendants, and the members of the MAHLE Behr Settlement Class.

19. The Court's provisional certification of the MAHLE Behr Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the MAHLE Behr Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

20. The Court approves the escrow account referenced in the MAHLE Behr Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of

the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the MAHLE Behr Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and settlement administration costs.

21.     The Direct Purchaser Class litigation against the MAHLE Behr Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Date: July 19, 2019                                                    s/Marianne O. Battani
                                                                              MARIANNE O. BATTANI
                                                                              United States District Judge