**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **Master File No. 12-md-02311 Honorable Sean F. Cox** |
| **IN RE: AIR CONDITIONING SYSTEMS** | |
| **THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER CASES** | **2:13-cv-02701-SFC-RSW** |

**MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH MHI, FOR PROVISIONAL CERTIFICATION OF THE MHI DIRECT PURCHASER SETTLEMENT CLASS, AND FOR AUTHORIZATION TO <u>DISSEMINATE NOTICE TO THE DIRECT PURCHASER SETTLEMENT CLASSES</u>**

Direct Purchaser Plaintiff Tiffin Motor Homes, Inc. ("Plaintiff") hereby moves the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of the proposed settlement with Defendants Mitsubishi Heavy Industries, Ltd., Mitsubishi Heavy Industries America, Inc., and Mitsubishi Heavy Industries Climate Control, Inc. (collectively, "MHI" or the "MHI Defendants"); for provisional certification of the MHI Settlement Class (the "Proposed Settlement Class"); and for authorization to disseminate notice of the proposed settlements with the MHI and Sanden Defendants, Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation costs and expenses from the MHI and Sanden settlement proceeds, a proposed plan of distribution of the Calsonic, DENSO, MAHLE Behr, MHI, Panasonic, Sanden, and VALEO settlement proceeds (the "Air Conditioning Systems Settlement Fund"), and the request for an incentive payment to the Class Representative, to be paid from the Air Conditioning Systems Settlement Fund. In support of this motion, Plaintiff relies upon the accompanying memorandum of law, which is incorporated by reference herein.

The parties do not request a hearing for this motion. Counsel for the MHI Defendants consent to this motion and to the entry of the proposed order preliminarily approving the proposed MHI settlement, provisionally certifying the Proposed Settlement Class, and authorizing dissemination of Notice. Counsel for the Calsonic, DENSO, MAHLE Behr, MHI, Panasonic, Sanden, and VALEO Defendants consent to the entry of the proposed order authorizing dissemination of Notice.

DATED: June 12, 2020                          Respectfully submitted,

                                              _/s/David H. Fink_____
                                              David H. Fink (P28235)
                                              Darryl Bressack (P67820)
                                              Nathan J. Fink (P75185)
                                              FINK BRESSACK
                                              38500 Woodward Ave; Suite 350
                                              Bloomfield Hills, MI 48304
                                              Telephone: (248) 971-2500

                                              ***Interim Liaison Counsel for the Direct
                                              Purchaser Plaintiff***

Steven A. Kanner                              Joseph C. Kohn
William H. London                             William E. Hoese
Michael E. Moskovitz                          Douglas A. Abrahams
FREED KANNER LONDON                           KOHN, SWIFT & GRAF, P.C.
  & MILLEN LLC                                1600 Market Street, Suite 2500
2201 Waukegan Road, Suite 130                 Philadelphia, PA  19103
Bannockburn, IL  60015                        Telephone: (215) 238-1700
Telephone: (224) 632-4500

Gregory P. Hansel                             Eugene A. Spector
Randall B. Weill                              William G. Caldes
Michael S. Smith                              Jeffrey L. Spector
PRETI, FLAHERTY, BELIVEAU                      SPECTOR ROSEMAN & KODROFF, P.C.
  & PACHIOS LLP                               Two Commerce Square
One City Center, P.O. Box 9546                2001 Market Street, Suite 3420
Portland, ME  04112-9546                      Philadelphia, PA  19103
Telephone: (207) 791-3000                     Telephone: (215) 496-0300

***Interim Co-Lead Counsel for the Direct Purchaser Plaintiff***

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | :    **Master File No. 12-md-02311** <br> :    **Honorable Sean F. Cox** <br> : |
| **IN RE: AIR CONDITIONING SYSTEMS** | : <br> : <br> : |
| **THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER CASES** | :    **2:13-cv-02701-SFC-RSW** <br> : <br> : <br> : |

**MEMORANDUM IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT
WITH MHI, FOR PROVISIONAL CERTIFICATION OF THE MHI DIRECT
PURCHASER SETTLEMENT CLASS, AND FOR AUTHORIZATION TO
<u>DISSEMINATE NOTICE TO THE DIRECT PURCHASER SETTLEMENT CLASSES</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES PRESENTED .......................................................... vi

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ....... viii

I.     INTRODUCTION ................................................................................ 1

II.    BACKGROUND .................................................................................. 2

III.   TERMS OF THE SETTLEMENT AGREEMENT ........................... 4

     A.     The Proposed Settlement Class ................................................. 5

     B.     The Settlement Amount ............................................................. 5

     C.     Releases ...................................................................................... 6

     D.     Cooperation ................................................................................ 6

IV.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS WARRANTED. .............................................. 6

     A.     The Governing Standards. .......................................................... 6

     B.     The Proposed Settlement Provides Valuable Benefits to the Class. ............ 8

     C.     Consideration of the Final Approval Factors Supports Preliminary Approval of the Proposed Settlement. ...................... 8

         1.     The Class Representative and Class Counsel Have Adequately Represented the Proposed Settlement Class, and the Settlement Was Reached at Arm's Length. ............................ 10

         2.     The Relief Provided to the Proposed Settlement Class is Adequate. .. 12

             a.     The Costs, Risks, and Delay of Trial and Appeal. ..................... 13

             b.     The Effectiveness of Any Proposed Method of Distributing Relief to the Proposed Settlement Class, Including the Method of Processing Class Member Claims, if Required. ............ 16

             c.     The Terms of Any Proposed Award of Attorneys' Fees, Including Timing of Payment. ........................ 17

             d.     There Are No Separate Agreements Relating to the Proposed Settlement. ........................ 17

         3.     The Settlement Treats Class Members Equitably Relative to Each Other. ................................ 17

         4.     The Settlement Is Consistent with the Public Interest. ................ 18

V.     PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER SETTLEMENT CLASS IS WARRANTED. ................ 18

     A.     The Proposed Settlement Class Satisfies Rule 23(a). ................ 19

|  |  |  |
|---|---|---|
| | 1. | The Proposed Settlement Class Is Sufficiently Numerous. ................. 19 |
| | 2. | There are Common Questions of Law and Fact. ................................. 20 |
| | 3. | Plaintiff's Claims are Typical of Those of the Proposed Settlement Class. .................................................................................................... 21 |
| | 4. | Plaintiff Will Fairly and Adequately Protect the Interests of the Proposed Settlement Class. .................................................................. 22 |
| B. | | Plaintiff's Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes. .................................................................................. 23 |
| | 1. | Common Legal and Factual Questions Predominate. ......................... 23 |
| | 2. | A Class Action is Superior to Other Methods of Adjudication. ......... 24 |
| VI. | | THE COURT SHOULD APPROVE THE NOTICE PLAN AND AUTHORIZE CLASS COUNSEL TO DISSEMINATE NOTICE TO THE SETTLEMENT CLASSES. ............................................................................. 25 |
| VII. | | PROPOSED TIMELINE FOR NOTICE AND FINAL APPROVAL ...................... 28 |
| VIII. | | CONCLUSION ......................................................................................... 30 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) ................................................................................ 18, 23, 25

*Barry v. Corrigan,*
79 F. Supp. 3d 712 (E.D. Mich. 2015) .......................................................... 20, 21

*Beattie v. CenturyTel, Inc.,*
511 F.3d 554 (6th Cir. 2007) ............................................................................... 23

*Berry v. Sch. Dist. of City of Benton Harbor,*
184 F.R.D. 93 (W.D. Mich. 1998) ....................................................................... 13

*Carson v. Am. Brands, Inc.,*
450 U.S. 79 ......................................................................................................... 12

*Date v. Sony Electronics, Inc.,*
2013 WL 3945981 (E.D. Mich. Jul. 31, 2013) ........................................ 15, 19, 21

*Dick v. Sprint Commc'ns,*
297 F.R.D. 283 (W.D. Ky. 2014) ........................................................................ 11

*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.,*
2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) ................................................... 20

*Ford v. Fed.-Mogul Corp.,*
2015 WL 110340 (E.D. Mich. Jan. 7, 2015) ................................................. 13, 15

*Gautreaux v. Pierce,*
690 F.2d 616 (7th Cir. 1982) ................................................................................. 7

*Granada Invs. Inc. v. DWG Corp.,*
962 F. 2d 1203 (6th Cir. 1992) ............................................................................ 18

*Griffin v. Flagstar Bancorp, Inc.,*
2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ............................................ Passim

*Hadix v. Johnson,*
322 F.3d 895 (6th Cir. 2003) ............................................................................... 18

*Hillson v. Kelly Servs. Inc.,*
2017 WL 279814 (E.D. Mich. 2017) ................................................................... 18

*Hoving v. Lawyers Title Ins. Co.,*
256 F.R.D. 555 (E.D. Mich. 2009) ...................................................................... 23

*In re Am. Med. Sys., Inc.,*
75 F.3d 1069 (6th Cir. 1996) ............................................................................... 20

*In re Auto. Refinishing Paint Antitrust Litig.,*
617 F. Supp. 2d. 336 (E.D. Pa. 2007) ........................................................... 11, 13

*In re Automotive Parts Antitrust Litig. (Wire Harness Cases),*
2017 WL 469734 (E.D. Mich. Jan. 4, 2017) .......................................................... 7

*In re Automotive Parts Antitrust Litig.,* No. 12-md-02311,
2016 WL 9280050 (E.D. Mich. Nov. 28, 2016) .................................................... 9

*In re Cardizem CD Antitrust Litig.,*
218 F.R.D. 508 (E.D. Mich. 2003) ............................................................... Passim

iii

*In re Cardizem CD Antitrust Litig*,
   200 F.R.D. 297 (E.D. Mich. 2007) ................................................................ 25

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
   2010 WL 3341200 (W.D. Ky. Aug. 23, 2010) ............................................ 11

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
   248 F.R.D. 483 (E.D. Mich. 2008) ........................................................... 8, 15

*In re Flat Glass Antitrust Litig.*,
   191 F.R.D 472 (W.D. Pa. 1999) ............................................................ 20, 21

*In re Flonase Antitrust Litig.*,
   284 F.R.D. 207 (E.D. Pa. 2012) ............................................................... 25

*In re Global Crossing Sec. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y.2004) .............................................................. 11

*In re Ikon Office Solutions, Inc., Sec. Litig.*,
   194 F.R.D. 166 (E.D. Pa. 2000) .............................................................. 16

*In re Linerboard Antitrust Litig.*,
   292 F. Supp. 2d 631 (E.D. Pa. 2003) ...................................................... 8, 14

*In re NASDAQ Market-Makers Antitrust Litig.*,
   169 F.R.D. 493 (S.D.N.Y 1996) ............................................................. 25

*In re Packaged Ice Antitrust Litig.*,
   2010 WL 3070161 (E.D. Mich. Aug. 2, 2010) ...................................... 6, 7, 11

*In re Packaged Ice Antitrust Litig.*,
   2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) ..................................... 11

*In re Packaged Ice Antitrust Litig.*,
   08-MD-1952 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ................. Passim

*In re Polyurethane Foam Antitrust Litig.*,
   2015 WL 1639269 (N.D. Ohio Feb. 26, 2015) ...................................... 9, 10

*In re Scrap Metal Antitrust Litig.*,
   527 F.3d 517 (6th Cir. 2008) .................................................................. 23, 24

*In re Southeastern Milk Antitrust Litig.*, 2:07-CV-208,
   2013 WL 2155379 (E.D. Tenn. May 17, 2013) ..................................... 11

*In re Southeastern Milk Antitrust Litig.*,
   2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010) ...................................... 23

*In re Telectronics Pacing Sys. Inc.*,
   137 F. Supp. 2d 985 (S.D. Ohio 2001) .................................................. Passim

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
   722 F.3d 838 (6th Cir. 2013) .............................................................. 19, 20, 21

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
   2006 WL 1984363 (E.D. Mich. July 13, 2006) ..................................... Passim

*IUE-CWA v. General Motors Corp.*,
   238 F.R.D. 583 (E.D. Mich. 2006) ........................................................ 13

*Lessard v. City of Allen Park*,
   372 F. Supp. 2d 1007 (E.D. Mich. 2005) .............................................. 13

*Marsden v. Select Medical Corp.*,
   246 F.R.D. 480 (E.D. Pa. 2007) ............................................................ 20

*Olden v. Gardner*,
   294 Fed. Appx. 210 (6th Cir. 2008) ...................................................... 13

*Paper Systems Inc. v. Mitsubishi Corp.*,
  193 F.R.D. 601 (E.D. Wisc. 2000) ........................................................ 25
*Senter v. Gen. Motors Corp.*,
  532 F.2d 511 (6th Cir. 1976) ................................................................ 22
*Sheick v. Auto. Component Carrier LLC*,
  2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ........................... 13, 14, 15
*Sheick v. Automotive Component Carrier LLC*,
  2010 WL 3070130 (E.D. Mich. Aug. 02, 2010) ............................... 11, 22
*Sims v. Pfizer, Inc.*,
  2016 WL 772545 (E.D. Mich. Feb. 24, 2016) .................................... 13
*Smith v. MCI Telecoms Corp.*,
  1993 WL 142006 (D. Kan. April 28, 1993) ........................................ 16
*Sprague v. General Motors Corp.*,
  133 F.3d 388 (6th Cir. 1998) ...................................................... 19, 20, 21
*Thacker v. Chesapeake Appalachia, LLC*,
  259 F.R.D. 262 (E.D. Ky. 2009) ........................................................ 19
*UAW v. Gen. Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007) ...................................................... 9, 21, 25
*Van Horn v. Trickey*,
  840 F.2d 604 (8th Cir. 1988) .............................................................. 12
*Williams v. Vukovich*,
  720 F.2d 909 (6th Cir. 1983) ........................................................ 13, 15

## Rules

Fed. R. Civ. P. 23 ........................................................................ 10, 27
Fed. R. Civ. P. 23(a) .................................................................... 19, 23
Fed. R. Civ. P. 23(a)(1) ................................................................ 19, 20
Fed. R. Civ. P. 23(a)(2) ................................................................ 20, 21
Fed. R. Civ. P. 23(a)(3) ...................................................................... 21
Fed. R. Civ. P. 23(a)(4) ................................................................ 22, 23
Fed. R. Civ. P. 23(b) .................................................................... 19, 23
Fed. R. Civ. P. 23(b)(3) ............................................................ 19, 23, 24
Fed. R. Civ. P. 23(c)(2)(B) ................................................................. 26
Fed. R. Civ. P. 23(e) ............................................................ 7, 8, 9, 10
Fed. R. Civ. P. 23(e)(1)(A) .................................................................. 7
Fed. R. Civ. P. 23(e)(1)(B) .............................................................. 7, 18
Fed. R. Civ. P. 23(e)(2) ........................................................ 7, 8, 9, 10
Fed. R. Civ. P. 23(g) ........................................................................ 22

## STATEMENT OF ISSUES PRESENTED

1. Should the Court determine that the proposed settlement between Direct Purchaser Plaintiff Tiffin Motor Homes, Inc. ("Plaintiff") and Defendants Mitsubishi Heavy Industries, Ltd, Mitsubishi Heavy Industries America, Inc., and Mitsubishi Heavy Industries Climate Control, Inc. (collectively, "MHI" or "MHI Defendants"), as set forth in the Settlement Agreement between Plaintiff and MHI, is sufficiently fair, reasonable and adequate to warrant preliminary approval?

   Suggested Answer: Yes.

2. Should the Court provisionally certify an MHI Settlement Class (the "Proposed Settlement Class") under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of the MHI settlement only?

   Suggested Answer: Yes.

3. Should the Court appoint Plaintiff as the representative for the Proposed Settlement Class, and the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. as Co-Lead Class Counsel for the Proposed Settlement Class ("Settlement Class Counsel")?

   Suggested Answer: Yes.

4. Should the Court authorize the dissemination of notice to settlement class members, in the form and manner proposed herein, of: (a) the proposed settlement with MHI; (b) the proposed settlement with Sanden Holdings Corporation, Sanden Automotive Components Corporation, Sanden Automotive Climate Systems Corporation, and Sanden International (U.S.A.) Inc. (collectively, "Sanden"); (c) Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation costs and expenses from the MHI and Sanden settlement proceeds; (d) the proposed plan of distribution of the settlement

proceeds from the settlements with (i) MHI; (ii) Sanden; (iii) VALEO Japan Co., Ltd., VALEO Inc., VALEO Electrical Systems, Inc., and VALEO Climate Control Corp. (collectively, "VALEO"); (iv) DENSO Corporation, DENSO International America, Inc., DENSO Korea Corporation (f/k/a separately as DENSO International Korea Corporation and DENSO Korea Automotive Corporation), DENSO Automotive Deutschland GmbH, DENSO Products and Services Americas, Inc., ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc. and ASMO Manufacturing, Inc. (collectively, "DENSO"); (v) Calsonic Kansei Corporation and Calsonic Kansei North America, Inc. (collectively, "Calsonic"); (vi) Panasonic Corp. and Panasonic Corporation of North America (collectively "Panasonic"); and (vii) MAHLE Behr GmbH & Co. KG and MAHLE Behr USA Inc. (collectively, "MAHLE Behr") (together, the "Air Conditioning Systems Settlement Fund); and (e) Settlement Class Counsel's request for an incentive payment to the class representative, to be paid from the Air Conditioning Systems Settlement Fund?

Suggested Answer: Yes.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)

*In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, ECF No. 497 (E.D. Mich.
    June 20, 2016)

*Date v. Sony Electronics, Inc.*,
    No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)

*Griffin v. Flagstar Bancorp, Inc.,*
    No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
    248 F.R.D. 483 (E.D. Mich. 2008)

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)

*In re: Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

*In re Scrap Metal Antitrust Litig.*,
    527 F.3d 517 (6th Cir. 2008)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    722 F.3d 838 (6th Cir. 2013)

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
    No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950)

*Sheick v. Auto. Component Carrier LLC*,
    No. 2:09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)

*Sprague v. General Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998)

*In re Telectronics Pacing Sys. Inc.*,
    137 F. Supp. 2d 985 (S.D. Ohio 2001)

*UAW v. General Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

## I.    INTRODUCTION

Plaintiff, on behalf of a Settlement Class comprised of direct purchasers of Air Conditioning Systems in the United States, has reached a settlement with MHI. Under the terms of the proposed settlement between Plaintiff and MHI, MHI will pay $4,200,000. Additionally, MHI has agreed to provide reasonable cooperation to assist Plaintiff in the prosecution of the claims until final approval of all settlements reached in this case, should such cooperation be needed.[1]

Plaintiff respectfully moves this Court for an Order preliminarily approving the proposed settlement with MHI, provisionally certifying the MHI Settlement Class, and granting Settlement Class Counsel's request for attorneys' fees and reimbursement of expenses from the MHI and Sanden settlement proceeds. Plaintiff also moves the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order authorizing the dissemination of notice to the MHI, Sanden, VALEO, DENSO, Calsonic, Panasonic, and MAHLE Behr settlement classes regarding: 1) the proposed settlements with the MHI and Sanden Defendants and Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation costs and expenses from the MHI and Sanden settlement proceeds and 2) a proposed plan for distributing the settlement proceeds from the Air Conditioning Systems Settlement Fund and the request for an incentive payment to the class representative from the Air Conditioning Systems Settlement Fund.

---

[1] If the proposed settlements with the MHI and Sanden Defendants become "final" under the terms of the Settlement Agreements, the claims in this litigation will be fully resolved.

1

## II.    BACKGROUND

In December 2013, Plaintiff filed a class action lawsuit[2] on behalf of direct purchasers of Air Conditioning Systems.[3] Plaintiff alleges that Defendants conspired to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate the supply of Air Conditioning Systems sold in the United States, in violation of federal antitrust laws. Plaintiff further alleges that as a result of the conspiracy, it and other direct purchasers of Air Conditioning Systems were injured by paying more for those products than they would have paid in the absence of the alleged illegal conduct, and Plaintiff seeks recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

On February 14, 2017, Plaintiff reached a proposed settlement with Defendants VALEO Japan Co., Ltd., VALEO Inc., VALEO Electrical Systems, Inc., and VALEO Climate Control Corp. (collectively, "VALEO") for $9,500,000.[4] (2:13-cv-02701, ECF No. 93-1). Following notice to the VALEO Settlement Class and a hearing on September 26, 2018, the Court granted final approval to the VALEO settlement on November 21, 2018. (2:13-cv-02701, ECF No. 127).

---

[2] *Tiffin Motor Homes, Inc. v. Valeo, S.A. et al.,* Case No. 2:13-cv-15126-AC-MAR) (E.D. Mich.), ECF No. 1. Plaintiff filed a Consolidated Amended Class Action Complaint in January 2016 (2:13-cv-02701, ECF No. 72) and a Second Consolidated Amended Class Action Complaint in May 2018. (2:13-cv-02701, ECF No. 103).

[3] "Air Conditioning Systems" are systems that cool the interior environment of a vehicle and are part of the thermal segment of the automotive market. Air Conditioning Systems, whether sold together or separately, are defined to include one or more of the following: automotive compressors, condensers, control panels, HVAC units (typically consisting of a blower motor, actuators, flaps, evaporator, heater core, and filter embedded in a plastic housing), sensors, and associated hoses and pipes.

[4] Pursuant to the VALEO Settlement Agreement, the VALEO Settlement Amount was reduced to $8,750,000 based on valid and timely requests for exclusion by certain members of the VALEO Settlement Class.

On February 4, 2019, Plaintiff reached a proposed settlement with Defendants DENSO Corporation, DENSO International America, Inc., DENSO Korea Corporation (f/k/a separately as DENSO International Korea Corporation and DENSO Korea Automotive Corporation), DENSO Automotive Deutschland GmbH, DENSO Products and Services Americas, Inc., ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc. and ASMO Manufacturing, Inc. (collectively, "DENSO") for $100,000. Following notice to the DENSO Settlement Class and a hearing on November 5, 2019, the Court granted final approval to the DENSO settlement on November 22, 2019. (2:13-cv-02701, ECF No. 182).

On February 28, 2019, Plaintiff reached a proposed settlement with Defendants Calsonic Kansei Corporation and Calsonic Kansei North America, Inc. (collectively, "Calsonic") for $7,920,000. Following notice to the Calsonic Settlement Class and a hearing on November 5, 2019, the Court granted final approval to the Calsonic settlement on November 22, 2019. (2:13-cv-02701, ECF No. 184).

On April 15, 2019, Plaintiff reached a proposed settlement with Defendants Panasonic Corp. and Panasonic Corporation of North America (collectively "Panasonic") for $650,000. Following notice to the Panasonic Settlement Class and a hearing on November 5, 2019, the Court granted final approval to the Panasonic settlement on November 22, 2019. (2:13-cv-02701, ECF No. 183).

On May 15, 2019, Plaintiff reached a proposed settlement with Defendants MAHLE Behr GmbH & Co. KG and MAHLE Behr USA Inc. (collectively, "MAHLE Behr") for $5,500,000. Following notice to the MAHLE Behr Settlement Class and a hearing on November 5, 2019, the Court granted final approval to the MAHLE Behr settlement on November 22, 2019. (2:13-cv-02701, ECF No. 181).

On July 9, 2019, Plaintiff reached a proposed settlement with Sanden for $3,650,000. The Court granted preliminary approval of the proposed Sanden settlement on November 22, 2019. (2:13-cv-02701, ECF No. 180).

For each settlement, the Court also found that a proposed settlement class of direct purchasers of Air Conditioning Systems could be certified pursuant to Fed. R. Civ. P. 23(b)(3). Pursuant to the terms of the settlement agreements, those payments have been placed into an interest-bearing escrow account. Including the MHI settlement proceeds, the total settlement funds in this litigation are $30,770,000, plus accrued interest.

## III.     TERMS OF THE SETTLEMENT AGREEMENT

After months of negotiations with MHI's counsel, Plaintiff reached a settlement (attached as Exhibit 1) with MHI on April 14, 2020. The MHI Settlement Agreement was executed after arm's-length and good-faith negotiations between experienced and sophisticated counsel. During the negotiations, the merits of the respective parties' positions were discussed and evaluated. As part of the settlement negotiations, the parties communicated extensively, and Settlement Class Counsel analyzed information provided to them by Defendants, relevant industry data, and other pertinent information.

The settlement with MHI is the result of these good-faith negotiations, after factual investigation and legal analysis by experienced counsel, and is based upon the attorneys' full understanding of the strengths and weaknesses of their claims and defenses and their clients' respective positions. Plaintiff believes that the proposed settlement is fair, reasonable and adequate for the Proposed Settlement Class.

The material terms of the proposed settlement are summarized below.

A.    **The Proposed Settlement Class**

Plaintiff and MHI seek certification, for purposes of the settlement for MHI only, of the

Proposed MHI Settlement Class, which is defined as follows:

> All individuals and entities who purchased Air Conditioning
> Systems in the United States directly from one or more Defendant(s)
> (or their controlled subsidiaries, affiliates, or joint ventures) from
> January 1, 2001 through February 14, 2017. Excluded from the
> Settlement Class are Defendants, their present and former parent
> companies, subsidiaries and affiliates, federal governmental entities
> and instrumentalities of the federal government, states and their
> subdivisions, agencies and instrumentalities.

Exhibit 1 at ¶ 7.

For purposes of the Proposed MHI Settlement Class definition, the following entities are

Defendants: Calsonic Kansei Corp.; CalsonicKansei North America, Inc.; DENSO Corporation;

DENSO International America, Inc.; MAHLE Behr GmbH & Co. KG; MAHLE Behr USA Inc.;

Mitsubishi Heavy Industries, Ltd.; Mitsubishi Heavy Industries America, Inc.; Mitsubishi Heavy

Industries Climate Control, Inc.; Panasonic Corp. and Panasonic Corporation of North America;

Sanden Corp.; Sanden International (U.S.A.), Inc.; Sanden Automotive Climate Systems Corp.;

Sanden Automotive Components Corp.; VALEO Japan Co., Ltd.; VALEO, Inc.; and VALEO

Electrical Systems, Inc.  Exhibit 1 at ¶ 2.

B.    **The Settlement Amount**

The MHI Settlement Amount for Air Conditioning Systems is $4,200,000. The settlement

amount constitutes a meaningful recovery and reflects consideration of information obtained

through Settlement Class Counsel's factual investigation and legal analysis. MHI will pay the

settlement fund into an interest-bearing escrow account. Exhibit 1 at ¶ 21.

### C.     Releases

The MHI Settlement Agreement provides, *inter alia*, for the release by Plaintiff and the other members of the Proposed Settlement Class of certain claims concerning sales of Air Conditioning Systems to customers who purchased those products in the United States directly from a Defendant.

The releases specifically exclude certain claims against MHI, including claims based upon indirect purchases of Air Conditioning Systems; claims based on negligence, personal injury, or product defects; claims relating to purchases of Air Conditioning Systems outside the United States; and claims concerning any product other than Air Conditioning Systems. Exhibit 1 at ¶ 18.

### D.     Cooperation

The settlement relates to MHI only. MHI has agreed to assist Plaintiff in the prosecution of this litigation by providing reasonable cooperation until the entry of the final judgment or dismissal of all remaining Defendants in the action, including requests for: (a) the production of documents and other information potentially relevant to Plaintiff's claims; (b) attorney proffers; (c) witness interviews; and (d) depositions. Exhibit 1 at ¶¶ 40-41.

## IV.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS WARRANTED.

### A.     The Governing Standards.

Approval of a class action settlement involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement." *In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, ECF No. 497, at 8 (E.D. Mich. June 20, 2016) (quoting *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001)). *See also In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952,

2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010); *Manual For Complex Litig. (Fourth)* § 21.63 (2004).

The 2018 amendments to Rule 23 codified the preliminary approval process. First, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). Notice "is justified by the parties' showing that the court will likely be able to: (1) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). The amended Rule 23(e) preliminary approval procedure is substantively the same as that previously approved in the Sixth Circuit and applied by this Court in prior *Auto Parts Litigation* settlements, namely a preliminary two-part determination that (1) the settlement is approvable and (2) the settlement class can be certified. *See, e.g., In re Automotive Parts Antitrust Litig. (Wire Harness Cases),* 2017 WL 469734, at *1 (E.D. Mich. Jan. 4, 2017) (granting preliminary approval upon making preliminary determinations that the settlement was approvable and a settlement class could be certified); *Packaged Ice*, 2010 WL 3070161 at *4 (determining "whether the proposed settlement has the 'potential' for final approval and … whether there is reason enough to notify class members and to proceed with a fairness hearing") (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982)).

The court "bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001). "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the

7

Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *Telectronics,* 137 F. Supp. 2d at 1015 (quoting *Manual for Complex Litig. (Second)* §30.44 (1985)); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006). A proposed settlement falls within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for presuming that it will meet the more rigorous standards applied for final approval. The standard for final approval of a class action settlement is whether the proposed settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,* 248 F.R.D. 483, 495-96 (E.D. Mich. 2008). The final determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement are assessed under the applicable final approval factors. *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

**B.      The Proposed Settlement Provides Valuable Benefits to the Class.**

The settlement provides for a cash payment by MHI of $4,200,000. This settlement amount constitutes a meaningful recovery and reflects consideration of information obtained through Settlement Class Counsel's factual investigation and legal analysis.

**C.      Consideration of the Final Approval Factors Supports Preliminary Approval of the Proposed Settlement.**

Fed. R. Civ. P. 23(e)(2) provides that a court may approve a settlement that would bind class members only after a hearing and finding that the settlement is "fair, reasonable, and adequate." *See In re Packaged Ice Antitrust Litig.*, No 08-MD-1952, 2011 WL 717519, at *8 (E.D. Mich. Feb. 22, 2011). As noted above, the Court is not required at the preliminary approval stage to determine whether it will grant final approval of the proposed settlement, only that it is likely

that it would. Here, initial consideration of the final approval factors supports preliminary approval of the MHI settlement.

The 2018 amendments to Rule 23(e) set forth a list of factors for a court to consider before approving a proposed settlement as "fair, reasonable, and adequate." The factors are whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Historically, courts in the Sixth Circuit have considered factors comparable to those in Rule 23(e)(2) in determining whether a settlement is approvable. *See In re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2016 WL 9280050, at *5 (E.D. Mich. Nov. 28, 2016) (considering "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest"). *Accord UAW v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007); *Griffin v. Flagstar Bancorp, Inc.,* No. 2:10-cv-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013); *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *3

(N.D. Ohio Feb. 26, 2015), appeal dismissed (Dec. 4, 2015). The Advisory Committee Notes to Rule 23 acknowledge these judicially created standards, explaining that the newly enumerated Rule 23(e) factors are "core concerns" in every settlement and were not intended to displace a court's consideration of other relevant factors in a particular case. Fed. R. Civ. P. 23 Advisory Committee Note (2018 Amendment).

Accordingly, Plaintiff will address the "fair, reasonable and adequate" factors under Rule 23(e)(2) and the Sixth Circuit's and this Court's prior preliminary approval decisions. A review of the factors supports preliminary approval of the MHI settlement.

1. **The Class Representative and Class Counsel Have Adequately Represented the Proposed Settlement Class, and the Settlement Was Reached at Arm's Length.**

The first two factors of Rule 23(e)(2) (adequate representation by the class representative and class counsel and whether the settlement was reached at arm's length) are procedural and focus on the history and conduct of the litigation and settlement negotiations. Fed. R. Civ. P. 23 Advisory Committee Note. Relevant considerations may include the experience and expertise of plaintiffs' counsel, the quantum of information available to counsel negotiating the settlement, the stage of the litigation and amount of discovery taken, the pendency of other litigation concerning the subject matter, the length of the negotiations, whether a mediator or other neutral facilitator was used, the manner of negotiation, whether attorneys' fees were negotiated with the defendant and if so how they were negotiated and their amount, and other factors that may demonstrate the fairness of the negotiations. *Id.*

Plaintiff and Settlement Class Counsel have adequately represented the Proposed Settlement Class in connection with the MHI settlement and the litigation in general. The Plaintiff's interests are the same as those of the Proposed Settlement Class members, and

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented the direct purchaser plaintiffs from the inception of the *Automotive Parts Antitrust Litigation* and negotiated the MHI settlement at arm's length with well-respected and experienced counsel for MHI. There is a presumption that settlement negotiations were conducted in good faith and that the resulting agreements were reached without collusion. *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford,* 2006 WL 1984363, at *26; *Sheick v. Automotive Component Carrier LLC,* No. 09–14429, 2010 WL 3070130, at *19-20 (E.D. Mich. Aug. 02, 2010). Settlements reached by experienced counsel that result from arm's-length negotiations are entitled to deference from the court. *Dick v. Sprint Commc'ns*, 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate....") (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08–MD01998, 2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010)); *accord In re Southeastern Milk Antitrust Litig.*, 2:07-CV-208, 2013 WL 2155379, at *5 (E.D. Tenn. May 17, 2013); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d 336, 341 (E.D. Pa. 2007).

The negotiations that led to the settlement were at all times conducted at arm's length and took months to complete. Although there has been no formal discovery in this action, relevant information about the Air Conditioning Systems conspiracy was obtained from Defendants and through Settlement Class Counsel's investigation. [5] This information and Settlement Class

---

[5] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no baseline amount of discovery required to satisfy this factor. *Packaged Ice*, 2010 WL 3070161, at *5-6. The "question is whether the parties had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y.2004)). *Accord In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *13 (E.D. Mich. Dec. 13, 2011) (absence of formal discovery not an obstacle to settlement approval).

Counsel's legal analysis allowed Settlement Class Counsel to effectively evaluate not only the strengths and weaknesses of the legal cases, but also the potential value of the promised cooperation by MHI. Based on this information, Settlement Class Counsel believe that the proposed settlement with MHI is fair, reasonable, and in the best interests of the Proposed Settlement Class, and their opinion supports both preliminary (and final) approval of the settlement.[6]

Because the proposed settlement was negotiated at arm's length by experienced counsel knowledgeable about the facts and the law, consideration of this factor fully supports preliminary approval of the settlement.

### 2.   The Relief Provided to the Proposed Settlement Class is Adequate.

The relief provided to the Proposed Settlement Class consists of a cash payment by MHI of $4,200,000, together with cooperation by MHI, which is valuable to the Proposed Settlement Class members as they continue to pursue final approval of their settlements with the other Defendants. Settlement Class Counsel believe that the payment and cooperation are adequate relief for the Proposed Settlement Class.

Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981). There are two reasons for this. First, the object of settlement is to avoid the determination of contested issues, so the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor

---

[6] There was no negotiation of attorneys' fees. At an appropriate time, Plaintiff's counsel will file a motion seeking an award of attorneys' fees and expenses.

of settlement." *Telectronics,* 137 F. Supp. 2d at 1008-09 (citing *Manual (Third)* §30.42). This is particularly true in the case of class actions. *Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998).

Both the Sixth Circuit and courts in the Eastern District of Michigan "have recognized that the law favors the settlement of class action lawsuits." *See, e.g., Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 11 (quoting *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013)). *Accord Sims v. Pfizer, Inc.*, No. 1:10-CV-10743, 2016 WL 772545, at *6 (E.D. Mich. Feb. 24, 2016). A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Williams v. Vukovich,* 720 F.2d 909, 921-23 (6th Cir. 1983)); *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008). This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003); *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *14-15 (E.D. Mich. Oct. 18, 2010).

### a. The Costs, Risks, and Delay of Trial and Appeal.

When considering the adequacy of the relief to the class in determining the fairness of a class action settlement, the court should assess it "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick*, 2010 WL 4136958, *15 (quoting *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)); *Ford*, 2006 WL 1984363, at *21; *Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340, at *6 (E.D.

Mich. Jan. 7, 2015). These risks must be weighed against the settlement consideration: here the certainty of a cash payment by MHI ($4,200,000), plus cooperation, which is valuable to the members of the Proposed Settlement Class as they continue to pursue final approval of settlements with the other Defendants. *See Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 12 ("cooperation strongly militates toward approval" of the settlements) (quoting *Linerboard*, 292 F. Supp. 2d 643).

Settlement Class Counsel believe that the settlement provides excellent results. Weighing the settlement's benefits against the risks and costs of continued litigation tilts the scale toward approval. *See Griffin*, 2013 WL 6511860, at *4; *Packaged Ice*, 2011 WL 717519, at *9. Plaintiff is optimistic about the likelihood of ultimate success in this case, but success is not certain. While MHI has pleaded guilty in a criminal proceeding in the United States with respect to compressors and condensers, two components of Air Conditioning Systems, as this Court has previously noted, success in a related civil action is not guaranteed even in those instances where a settling defendant has pleaded guilty in a criminal proceeding brought by the Department of Justice. That is because, among other things, the DOJ is not required to prove class-wide impact or damages, both of which require complex and expensive expert analyses, and the outcome of litigating those issues is uncertain. *Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 11.

MHI is represented by highly experienced and competent counsel. MHI undoubtedly would deny Plaintiff's allegations of liability and damages and assert a number of defenses, and Plaintiff believes MHI is prepared to defend this case through trial and appeal. Risk is inherent in any litigation, and this is particularly true with respect to class actions. So, while optimistic about the outcome of this litigation, Plaintiff must acknowledge the risk that MHI could prevail with respect to certain legal or factual issues, which could reduce or eliminate any potential recovery.

14

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem,* 218 F.R.D. at 523 (quoting *Vukovich,* 720 F.2d at 922). "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id.* at 523. This is particularly true for class actions, which are "inherently complex." *Telectronics,* 137 F. Supp. 2d at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with complex class actions).

As this case is still ongoing until final approval is granted, it is not appropriate to discuss with any specificity Settlement Class Counsel's analysis of the risks of litigation as Defendants could seek to use any such disclosures against Plaintiff going forward if final approval is not granted. Settlement Class Counsel believe that at this point it is sufficient to state that complex antitrust litigation of this scope has certain inherent risks that the settlement at least partially negates.

In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Delphi*, 248 F.R.D. at 498. Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18); *Fed.-Mogul Corp.*, 2015 WL 110340, at *9. "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F.2d at 922–23).

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented the direct purchaser plaintiffs from the inception

of the *Automotive Parts Antitrust Litigation* and negotiated the MHI settlement, separately, at arm's length with well-respected and experienced counsel for MHI. Settlement Class Counsel believe that the proposed settlement eliminates the risks, expense and delay with respect to a recovery from MHI, while ensuring a substantial payment to the Proposed Settlement Class, and provides the Proposed Settlement Class with valuable cooperation until final approval is granted with respect to the other Defendants. This factor also supports preliminary approval of the proposed settlement.

> **b. The Effectiveness of Any Proposed Method of Distributing Relief to the Proposed Settlement Class, Including the Method of Processing Class Member Claims, if Required.**

This case does not present any difficulties in identifying claimants or distributing settlement proceeds. Consistent with the practice in previously approved *Automotive Parts Antitrust Litigation* direct purchaser settlements, Settlement Class Counsel presently intend to propose that the net settlement fund be distributed *pro rata* to approved claimants. Claims will be processed using a settlement claims administrator to review claim forms, to assist Settlement Class Counsel in making recommendations to the Court concerning the disposition of those claims, and to mail checks to approved claimants for their pro-rata shares of the net settlement fund.

As a general rule, a plan of allocation that reimburses class members based on the type and extent of their injuries is a reasonable one. *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000); *Smith v. MCI Telecoms Corp.*, No. Civ. A. 87-2110-EEO, 1993 WL 142006, at *2 (D. Kan. April 28, 1993); 4 Alba Conte & Herbert Newberg, Newberg on Class Actions, §12.35, at 350 (4th ed. 2002) (noting that pro-rata allocation of a settlement fund "is the most common type of apportionment of lump sum settlement proceeds for a class of purchasers" and "has been accepted and used in allocating and distributing settlement proceeds in many

antitrust class actions"). This Court, and numerous others, have approved similar pro-rata distribution plans. *See, e.g.,* 2:12-cv-00601, ECF No. 172; 2;12-cv-00101, ECF No. 572; 2:13-cv-01001, ECF No. 61). This factor supports preliminary approval.

### c.  The Terms of Any Proposed Award of Attorneys' Fees, Including Timing of Payment.

The settlement agreement provides that attorneys' fees shall be paid solely out of the settlement fund subject to court approval, and that final approval of the settlement is not contingent on the outcome of any petition for attorneys' fees. Exhibit 1 at ¶¶ 36-37. Settlement Class Counsel intend to seek attorneys' fees not to exceed 30% of the settlement fund, consistent with previous fee petitions and awards approved by this Court in the *Automotive Parts Antitrust Litigation.* This factor supports preliminary approval.

### d.  There Are No Separate Agreements Relating to the Proposed Settlement.

The settlement agreement reflects all of the agreements and understandings relating to the proposed settlement, and there are no separate agreements that would affect the settlement amount, the eligibility of class members to participate in the settlement or exclude themselves from it, or the treatment of class members' claims. This factor is therefore neutral.

### 3.  The Settlement Treats Class Members Equitably Relative to Each Other.

Class members will be treated equitably relative to each other in terms of their eligibility for a pro-rata portion of the settlement fund and their right to opt-out. Likewise, each class member gives the same releases.

The settlement agreement does contemplate that Settlement Class Counsel may seek an incentive award for the class representative, as has been done in other cases. Such awards are justified as an incentive and reward for the efforts that lead plaintiffs take on behalf of the class.

*Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). The settlement was provided to the class representative for its review and approval without any discussion of an incentive award, which evinces that the prospect of such an award was not the reason the representative plaintiff approved it. *Hillson v. Kelly Servs. Inc.*, 2017 WL 279814, at *6 (E.D. Mich. 2017). Plaintiff submits that this factor supports preliminary approval.

### 4. The Settlement Is Consistent with the Public Interest.

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada Invs. Inc. v. DWG Corp.*, 962 F. 2d 1203, 1205 (6th Cir. 1992). *Accord Griffin*, 2013 WL 6511860, at *5; *Packaged Ice*, 2011 WL 717519, at *12. Plaintiff submits that there is no countervailing public interest that provides a reason to disapprove the proposed settlement with MHI. *Griffin*, 2013 WL 6511860, at *5. This factor also supports approval.

Consideration of the above factors supports preliminary approval of the proposed settlement with MHI. Settlement Class Counsel respectfully submit that the proposed settlement is in the best interests of the Proposed Settlement Class and should be preliminarily approved.

## V.   PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER SETTLEMENT CLASS IS WARRANTED.

Rule 23 as amended now explicitly requires the Court to determine whether it is likely to be able to certify the proposed settlement class for purposes of judgment on the settlement proposal. Fed. R. Civ. P. 23(e)(1)(B). It is well established that a class may be certified for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 24. At this juncture, the Court need only decide that certification of the Proposed Settlement Class is "likely" in order to justify sending notice to members of the

Proposed Settlement Class. Plaintiff will later seek final approval of the Proposed Settlement Class for purposes of the settlement. *See Ford*, 2006 WL 1984363, at *3, *18; *Cardizem*, 218 F.R.D. at 516-17. As it did with its preliminary approval analysis, Plaintiff will address the factors for final certification here. *See Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266-70 (E.D. Ky. 2009).[7]

As demonstrated below, the Proposed Settlement Class meets all of the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes, and therefore it is likely that the Court will be able to certify the Proposed Settlement Class.

### A.    The Proposed Settlement Class Satisfies Rule 23(a).

Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Rule 23(b). *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Griffin*, 2013 WL 6511860, at *5; *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Griffin*, 2013 WL 6511860, at *5; *Date,* 2013 WL 3945981, at *3.

### 1.    The Proposed Settlement Class Is Sufficiently Numerous.

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable." Fed. R. Civ. P. 23(a)(1). There is no strict

---

[7] Paragraph 28 of the proposed MHI Preliminary Approval Order provides that provisional certification of the Proposed Settlement Class will be without prejudice to the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. *See Packaged Ice*, 2011 WL 717519, at *7.

numerical test to satisfy the numerosity requirement; the most important factor is whether joinder of all the parties would be impracticable for any reason. *Whirlpool*, 722 F.3d at 852 (noting that a "substantial" number of class members satisfies numerosity). Moreover, numerosity is not determined solely by the size of the class, but also by the geographic location of class members. *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Here, Settlement Class Counsel believe that there are over a thousand direct purchasers of Air Conditioning Systems, geographically dispersed throughout the United States. Thus, joinder of all Proposed Settlement Class members would be impracticable, satisfying Rule 23(a)(1).

## 2. There are Common Questions of Law and Fact.

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class." "We start from the premise that there need be only one common question to certify a class," *Whirlpool*, 722 F.3d at 853, and "the resolution of [that common issue] will advance the litigation." *Sprague*, 133 F.3d at 397. *Accord Barry v. Corrigan*, 79 F. Supp. 3d 712, 731 (E.D. Mich. 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-cv-10620, 2010 WL 5439737, at * 3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996)).

It has long been the case that "allegations concerning the existence, scope and efficacy of an alleged conspiracy present questions adequately common to class members to satisfy the commonality requirement." *In re Flat Glass Antitrust Litig.*, 191 F.R.D 472, 478 (W.D. Pa. 1999) (citing 4 *NEWBERG ON CLASS ACTIONS*, § 18.05-15 (3d ed. 1992)). Here, whether Defendants entered into an agreement to artificially fix prices of Air Conditioning Systems is a factual question common to all members of the Proposed Settlement Class because it is an essential element of proving an antitrust violation. *See, e.g., Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 25.

20

Common legal questions include whether, if such an agreement was reached, Defendants violated the antitrust laws and the impact on Proposed Settlement Class members. *Packaged Ice*, 2011 WL 717519, at *6 (holding commonality satisfied by questions concerning "whether Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members"). "Indeed, consideration of the conspiracy issue would, of necessity focus on defendants' conduct, not the individual conduct of the putative class members." *Flat Glass*, 191 F.R.D. at 484. Because there are common legal and factual questions related to potential liability, the commonality requirement of Rule 23(a)(2) is met.

### 3. Plaintiff's Claims are Typical of Those of the Proposed Settlement Class.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members." *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at *19); *Date*, 2013 WL 3945981, at *3.

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *Whirlpool*, 722 F.3d at 852 (quoting *Sprague*, 133 F.3d at 399). Here, Plaintiff's claims arise from the same course of conduct as the claims of the other members of the Proposed Settlement Class, namely, the Defendants' alleged violations of the antitrust laws. Plaintiff and the Proposed Settlement Class are proceeding on the same legal claim and same alleged violation of Section 1 of the Sherman Antitrust Act. *See UAW*, 497 F. 3d at 625; *Barry*, 2015 WL 136238, at *13. Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

**4.      Plaintiff Will Fairly and Adequately Protect the Interests of the Proposed Settlement Class.**

Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class. "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel." *Sheick*, 2010 WL 3070130, at *3 (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976)).

These requirements are met here. The interests of the proposed representative of the Proposed Settlement Class, Plaintiff Tiffin Motor Homes, Inc., are aligned with those of the other members of the Proposed Settlement Class. Plaintiff is a direct purchaser of Air Conditioning Systems from one or more of the Defendants in the United States. Plaintiff and the other members of the Proposed Settlement Class claim that they were injured as a result of the alleged conspiracy and seek to prove that Defendants violated the antitrust laws. Plaintiff's interests are thus aligned with those of the Proposed Settlement Class.

Moreover, Plaintiff has retained qualified and experienced counsel to pursue this action.[8] Settlement Class Counsel and other counsel with whom they are working have vigorously represented Plaintiff and the Proposed Settlement Class in the settlement negotiations with MHI

---

[8] Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class. The Court previously appointed Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. as Interim Co-Lead Counsel in this case and all other *Automotive Parts Antitrust Litigation* direct purchaser cases. They submit that, for the same reasons that the Court appointed them to those positions, their appointment as Settlement Class Counsel is appropriate.

and have vigorously prosecuted this action. Adequate representation under Rule 23(a)(4) is therefore satisfied.

### B.    Plaintiff's Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes.

In addition to satisfying Rule 23(a), Plaintiff must show that the putative class falls under at least one of the three subsections of Rule 23(b). Here, the Proposed Settlement Class qualifies under Rule 23(b)(3), which authorizes class certification if "[1] questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and… [2] a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

### 1.    Common Legal and Factual Questions Predominate.

The Rule 23(b)(3) requirement that common issues predominate ensures that a proposed class is "sufficiently cohesive to warrant certification." *Amchem*, 521 U.S. at 623. The predominance requirement is met where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).

Courts have repeatedly recognized that horizontal price-fixing cases are particularly well-suited for class certification because proof of the conspiracy is a common, predominating question. *See, e.g., Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 27; *Scrap Metal*, 527 F.3d at 535; *Packaged Ice*, 2011 WL 717519, at 6; *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV-208, 2010 WL 3521747, at *5, 9-11 (E.D. Tenn. Sept. 7, 2010). Affirming class certification in *Scrap Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-fixing

23

and market allocation…will not vary among class members'…. Accordingly, the court found that the 'fact of damages' was a question common to the class even if the amount of damages sustained by each individual class member varied."  527 F.3d at 535 (emphasis in original).

In this case, the same core set of operative facts and theory of liability apply across the Proposed Settlement Class. As discussed above, whether Defendants entered into an illegal agreement to artificially fix prices of Air Conditioning Systems is a question common to all members of the Proposed Settlement Class because it is an essential element of proving an antitrust violation. Common questions also include whether, if such an agreement was reached, Defendants violated the antitrust laws, and whether Defendants' acts caused anticompetitive effects. *See, e.g.*, *Packaged Ice*, 2011 WL 717519, at *6. If Plaintiff and the other members of the Proposed Settlement Class were to bring their own individual actions, they would each be required to prove the same wrongdoing by Defendants in order to establish liability. Therefore, common proof of Defendants' violations of antitrust law will predominate.

### 2.    A Class Action is Superior to Other Methods of Adjudication.

Rule 23(b)(3) lists factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed. R. Civ. P. 23(b)(3).

All Air Conditioning Systems litigation has been centralized in this Court. If a member of the Proposed Settlement Class wants to control its own litigation, it can request exclusion from the Proposed Settlement Class. Thus, consideration of factors (1) – (3) demonstrates the superiority of a class action.

24

With respect to factor (4), in *Amchem,* 521 U.S. at 620, the Court explained that when a court is asked to certify a settlement-only class it need not consider the difficulties in managing a trial of the case because the settlement will end the litigation without a trial. *See Cardizem,* 218 F.R.D. at 517.

In addition, even though the Proposed Settlement Class is not composed of small retail purchasers, "[g]iven the complexities of antitrust litigation, it is not obvious that all members of the class could economically bring suits on their own." *In re Cardizem CD Antitrust Litig*, 200 F.R.D. 297, 325 (E.D. Mich. 2007) (quoting *Paper Systems Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 605 (E.D. Wisc. 2000)). Moreover, by proceeding as a class action, both judicial and private resources will be more efficiently utilized to resolve the predominating common issues, which will bring about a single outcome that is binding on all members of the Proposed Settlement Class. *See, e.g., Cardizem*, 200 F.R.D. at 351 ("The economies of time, effort and expense will be achieved by certifying a class in this action because the same illegal anticompetitive conduct by Defendants gives rise to each class member's economic injury."). The alternatives to a class action are a multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive. *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 527 (S.D.N.Y 1996). Thus, class litigation is superior to the alternatives in this case.

## VI.   THE COURT SHOULD APPROVE THE NOTICE PLAN AND AUTHORIZE CLASS COUNSEL TO DISSEMINATE NOTICE TO THE SETTLEMENT CLASSES.

The 2018 amendments to Federal Rule of Civil Procedure 23 provide that, "upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3) [ ] the court must direct to class members the best notice that is practicable under the

circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(e)(1) provides that a court must direct notice in a "reasonable manner" to all class members who would be bound by a proposed settlement. Rule 23(e) notice must contain a summary of the litigation sufficient "to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 629 (6th Cir. 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). *Accord In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 151 (E.D. Pa. 2013). In addition, the "notice must clearly and concisely state in plain, easily understood language": (1) the nature of the action; (2) the class definition; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel; (5) that the court will exclude from the class any member who validly requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members under Rule 23(c)(3). *Id.*

The notice program and forms of notice proposed by Plaintiff satisfy these requirements. The Notice of Proposed Settlements of Direct Purchaser Class Action with Mitsubishi Heavy Industries and Sanden Defendants, and Hearing on Settlement Approval and Related Matters, and Claim Form ("Notice") (attached as Exhibit 2) sets forth all information required by Rule 23(c)(2)(B) and 23(e)(1); apprises members of the MHI and Sanden settlement classes that Settlement Class Counsel will seek an award of attorneys' fees and reimbursement of litigation costs and expenses from the MHI and Sanden settlement proceeds; and apprises members of the MHI, Sanden, VALEO, DENSO, Calsonic, Panasonic, and MAHLE Behr settlement classes that Settlement Class Counsel will propose a plan of distribution of the settlement proceeds and request an incentive payment for the class representative from the Air Conditioning Systems Settlement

Fund.[9] The Notice will be disseminated by first class mail, postage prepaid, to all entities identified by Defendants as potential members of the settlement classes. The Notice will also be provided to all persons who request it in response to the Summary Notice or the Press Release. In addition, a copy of the Notice will be posted on the website dedicated to this litigation.

The Summary Notice of Proposed Settlements of Direct Purchaser Class Action with the MHI and Sanden Defendants and Hearing on Settlement Approval and Related Matters ("Summary Notice") (attached as Exhibit 3) will be published in one edition of *Automotive News*. Additionally, an online banner notice will appear approximately 15,000 times over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*. To supplement the notice program further, an Informational Press Release (the "Press Release") (attached as Exhibit 4) will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications.[10]

Plaintiff believes that the content of the Notice, Summary Notice, online banner notice, and Press Release, and the proposed method for their dissemination, fulfill the requirements of Rule 23 and due process. *See In re Packaged Ice Antitrust Litig.,* No. 08-MD-01952, 2011 WL

---

[9] As noted above, Settlement Class Counsel will propose that members of the settlement classes receive a *pro rata* share of the settlement proceeds based upon their Air Conditioning Systems purchases during the Class Period. Details of the plan of distribution are set forth in the proposed Notice. A Proof of Claim Form will be sent to members of the settlement classes along with the Notice.

[10] These proposed forms of notice and timeline for the notice program are substantially similar to those approved by the Court in other auto parts cases, *Air Conditioning Systems* (2:13-cv-02701, ECF No. 168)**;** *Power Window Motors* (2:13-cv-02301, ECF No. 79), *Windshield Washer Systems* (2:13-cv-02801, ECF No. 109), and *Windshield Wiper Systems* (2:13-cv-00901, ECF No. 116).

717519, at *5 (E.D. Mich. Feb. 22, 2011). Accordingly, approval of the notice program is appropriate.

## VII.    PROPOSED TIMELINE FOR NOTICE AND FINAL APPROVAL

Plaintiff proposes the following schedule for disseminating notice of the MHI and Sanden settlements, and related matters:

1.    Within twenty (20) days of the date of entry of the Notice Order, the Notice shall be mailed by first class mail, postage prepaid, to all potential members of the MHI, Sanden, VALEO, DENSO, Calsonic, Panasonic, and MAHLE Behr settlement classes identified by Defendants, and shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation;

2.    Within thirty (30) days of the date of entry of the Notice Order, the Summary Notice shall be published in one edition of *Automotive News*. Additionally, an online banner notice will appear approximately 15,000 times over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*. To supplement the notice program further, the Press Release will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications;

3.    Within fifty (50) days from the date of entry of the Notice Order, Settlement Class Counsel shall file with the Court their motion or motions for: final approval of the proposed settlements with the MHI and Sanden Defendants; an award of attorneys' fees and reimbursement of litigation costs and expenses from the MHI and Sanden settlement proceeds; approval of a proposed plan of distribution of the settlement proceeds from settlements with MHI, Sanden, VALEO, DENSO, Calsonic, Panasonic, and MAHLE Behr; and an incentive payment to the class representative, to be paid from the Air Conditioning Systems Settlement Fund.

4.     All requests for exclusion from any of the MHI and Sanden settlement classes must be submitted in writing, postmarked no later than seventy (70) days from the date of entry of the Notice Order, and must otherwise comply with the requirements set forth in the Notice;

5.     All objections by any member of the MHI and Sanden settlement classes to either of those proposed settlements or to Settlement Class Counsel's requests for attorneys' fees and reimbursement of expenses must be submitted in writing, must be filed with the Clerk of Court, must be postmarked no later than seventy (70) days from the date of the Notice Order, and must otherwise comply with the instructions set forth in the Notice;

6.     All objections by any member of the MHI, Sanden, VALEO, DENSO, Calsonic, Panasonic, and MAHLE Behr settlement classes to the proposed plan of distribution of the settlement proceeds from the settlements or to Settlement Class Counsel's request for an incentive payment to the class representative, to be paid from the Air Conditioning Systems Settlement Fund, must be submitted in writing, must be filed with the Clerk of Court, must be postmarked no later than seventy (70) days from the date of the Notice Order, and must otherwise comply with the instructions set forth in the Notice;

7.     At least ten (10) days before the date fixed by the Court for the fairness hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary Notice and Press Release, were made, showing that mailing, posting and publication were made in accordance with the Notice Order; and

8.     The fairness hearing on final approval of the proposed settlements and related matters shall be scheduled at the Court's convenience on a date on or after one hundred and five (105) days from the date of entry of the Notice Order.

The foregoing deadlines are substantially similar to those approved by the Court in connection with final approval of prior settlements in the *Automotive Parts Antitrust Litigation.*

## VIII.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the MHI settlement, provisionally certify the MHI Settlement Class, and authorize the dissemination of notice to members of the MHI, Sanden, VALEO, DENSO, Calsonic, Panasonic, and MAHLE Behr settlement classes.

DATED: June 12, 2020                         Respectfully submitted,

                                              /s/David H. Fink
                                             David H. Fink (P28235)
                                             Darryl Bressack (P67820)
                                             Nathan J. Fink (P75185)
                                             FINK BRESSACK
                                             38500 Woodward Ave; Suite 350
                                             Bloomfield Hills, MI 48304
                                             Telephone: (248) 971-2500

                                             ***Interim Liaison Counsel for the Direct
                                             Purchaser Plaintiff***

Steven A. Kanner                             Joseph C. Kohn
William H. London                            William E. Hoese
Michael E. Moskovitz                         Douglas A. Abrahams
FREED KANNER LONDON                          KOHN, SWIFT & GRAF, P.C.
   & MILLEN LLC                              1600 Market Street, Suite 2500
2201 Waukegan Road, Suite 130                Philadelphia, PA  19103
Bannockburn, IL  60015                       Telephone: (215) 238-1700
Telephone: (224) 632-4500

Gregory P. Hansel                            Eugene A. Spector
Randall B. Weill                             William G. Caldes
Michael S. Smith                             Jeffrey L. Spector
PRETI, FLAHERTY, BELIVEAU                     SPECTOR ROSEMAN & KODROFF, P.C.
   & PACHIOS LLP                             Two Commerce Square
One City Center, P.O. Box 9546               2001 Market Street, Suite 3420
Portland, ME  04112-9546                     Philadelphia, PA  19103
Telephone: (207) 791-3000                    Telephone: (215) 496-0300

***Interim Co-Lead Counsel for the Direct Purchaser Plaintiff***

30

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2020, I electronically filed the foregoing paper with the

Clerk of the court using the ECF system, which will send notification of such filing to all counsel

of record registered for electronic filing.

FINK BRESSACK

By: /s/Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI  48304
Telephone: (248) 971-2500
nfink@finkbressack.com