UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Sean F. Cox |
| IN RE: AIR CONDITIONING SYSTEMS | |
| | 2:13-cv-02701-SFC-RSW |
| THIS DOCUMENT RELATES TO:<br>ALL DIRECT PURCHASER CASES | |

**ORDER GRANTING PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT WITH MHI, FOR PROVISIONAL
CERTIFICATION OF THE MHI DIRECT PURCHASER
SETTLEMENT CLASS, AND FOR AUTHORIZATION TO
<u>DISSEMINATE NOTICE TO THE DIRECT PURCHASER SETTLEMENT CLASSES</u>**

Upon consideration of the Direct Purchaser Plaintiff's Motion for Preliminary Approval of Proposed Settlement with Defendants Mitsubishi Heavy Industries, Ltd., Mitsubishi Heavy Industries America, Inc., and Mitsubishi Heavy Industries Climate Control, Inc. (collectively, "MHI"), for Provisional Certification of the MHI Settlement Class, and for Authorization to Disseminate Notice to the Direct Purchaser Settlement Classes (the "Motion"), and supporting memorandum (the "Notice Memorandum"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in this Order that are defined in the MHI Settlement Agreement (the "MHI Settlement Agreement") are, unless otherwise defined herein, used as defined in the Settlement Agreement.

1

Preliminary Approval of MHI Settlement Agreement

3. The terms of the MHI Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the MHI Settlement Class, subject to a fairness hearing. In preliminarily approving the Settlement Agreement, the Court makes the following findings:

a. The proposed class representative and Co-Lead Settlement Class Counsel have adequately represented the MHI Settlement Class;

b. The MHI Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the MHI Settlement Agreement should be given to members of the proposed MHI Settlement Class;

c. The relief provided for the MHI Settlement Class is adequate; and

d. The Settlement Agreement treats members of the MHI Settlement Class equitably relative to each other.

Class Certification

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met, and provisionally certifies the following class for settlement purposes (the "MHI Settlement Class"):

> All individuals and entities who purchased Air Conditioning Systems in the United States directly from one or more Defendant(s) (or their controlled subsidiaries, affiliates, or joint ventures) from January 1, 2001 through February 14, 2017. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries and affiliates, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities.

5. For purposes of the Proposed MHI Settlement Class definition, the following entities are Defendants: Calsonic Kansei Corp.; CalsonicKansei North America, Inc.; DENSO Corporation; DENSO International America, Inc.; MAHLE Behr GmbH & Co. KG; MAHLE Behr USA Inc.; Mitsubishi Heavy Industries, Ltd.; Mitsubishi Heavy Industries America, Inc.; Mitsubishi Heavy Industries Climate Control, Inc.; Panasonic Corp.; Panasonic Corporation of North America; Sanden Corp.; Sanden International (U.S.A.), Inc.; Sanden Automotive Climate Systems Corp.; Sanden Automotive Components Corp.; VALEO Japan Co., Ltd.; VALEO, Inc.; and VALEO Electrical Systems, Inc.

6. The Court finds that provisional certification of the MHI Settlement Class is warranted in light of the Settlement Agreement because: (a) the MHI Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class Representative's claims present common issues and are typical of the MHI Settlement Class; (c) the Direct Purchaser Plaintiff Class Representative and Co-Lead Settlement Class Counsel (identified below) will fairly and adequately represent the MHI Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the MHI Settlement Class. The Court further finds that the Direct Purchaser Plaintiff Class Representative's interests are aligned with the interests of all other members of the MHI Settlement Class. The Court also finds that settlement of this action on a class basis is superior to other means of resolving the matter.

<u>Appointment of Class Representative and Co-Lead Settlement Class Counsel</u>

7. The Court hereby appoints Plaintiff Tiffin Motor Homes, Inc. to serve as Class Representative for the MHI Settlement Class.

8. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman &

Kodroff, P.C. to serve as Co-Lead Settlement Class Counsel for the MHI Settlement Class, having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

<u>Notice to Potential Settlement Class Members</u>

9. On February 14, 2017, Plaintiff reached a proposed settlement with Defendants VALEO Japan Co., Ltd., VALEO Inc., VALEO Electrical Systems, Inc., and VALEO Climate Control Corp. (collectively, "VALEO") for $9,500,000. (2:13-cv-02701, ECF No. 93-1). Following notice to the VALEO Settlement Class and a hearing on September 26, 2018, the Court granted final approval to the VALEO settlement on November 21, 2018. (2:13-cv-02701, ECF No. 127).

10. On February 4, 2019, Plaintiff reached a proposed settlement with Defendants DENSO Corporation, DENSO International America, Inc., DENSO Korea Corporation (f/k/a separately as DENSO International Korea Corporation and DENSO Korea Automotive Corporation), DENSO Automotive Deutschland GmbH, DENSO Products and Services Americas, Inc., ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc. and ASMO Manufacturing, Inc. (collectively, "DENSO") for $100,000. Following notice to the DENSO Settlement Class and a hearing on November 5, 2019, the Court granted final approval to the DENSO settlement on November 22, 2019. (2:13-cv-02701, ECF No. 182).

11. On February 28, 2019, Plaintiff reached a proposed settlement with Defendants Calsonic Kansei Corporation and Calsonic Kansei North America, Inc. (collectively, "Calsonic") for $7,920,000. Following notice to the Calsonic Settlement Class and a hearing on November 5, 2019, the Court granted final approval to the Calsonic settlement on November 22, 2019. (2:13-cv-02701, ECF No. 184).

12. On April 15, 2019, Plaintiff reached a proposed settlement with Defendants Panasonic Corp. and Panasonic Corporation of North America (collectively "Panasonic") for $650,000. Following notice to the Panasonic Settlement Class and a hearing on November 5, 2019, the Court granted final approval to the Panasonic settlement on November 22, 2019. (2:13-cv-02701, ECF No. 183).

13. On May 15, 2019, Plaintiff reached a proposed settlement with Defendants MAHLE Behr GmbH & Co. KG and MAHLE Behr USA Inc. (collectively, "MAHLE Behr") for $5,500,000. Following notice to the MAHLE Behr Settlement Class and a hearing on November 5, 2019, the Court granted final approval to the MAHLE Behr settlement on November 22, 2019. (2:13-cv-02701, ECF No. 181).

14. By Order dated November 22, 2019 (2:13-cv-02701, ECF No. 180), this Court preliminarily approved a Settlement Agreement between the Direct Purchaser Plaintiff and Sanden Holdings Corporation, Sanden Automotive Components Corporation, Sanden Automotive Climate Systems Corporation, and Sanden International (U.S.A.) Inc. (collectively, "Sanden") and certified for purposes of the settlement a Direct Purchaser Sanden Settlement Class (the "Sanden Settlement Class").

15. The Settlement Classes shall receive notice in accordance with the terms of this Order.

16. The Court approves the form and content of: (a) the Notice of Proposed Settlements of Direct Purchaser Class Action with the MHI and Sanden Defendants and Hearing on Settlement Approval and Related Matters, and Claim Form (the "Notice"), attached as Exhibit 2 to the Notice Memorandum; (b) the Summary Notice of Proposed Settlements of Direct Purchaser Class Action with the MHI and Sanden Defendants and Hearing on Settlement Approval and Related Matters

(the "Summary Notice"), attached as Exhibit 3 to the Notice Memorandum; and (c) the Informational Press Release (the "Press Release"), attached as Exhibit 4 to the Notice Memorandum.

17. The Court finds that the mailing of the Notice and publication of the Summary Notice and Press Release in the manner set forth herein constitutes the best notice that is practicable under the circumstances, is valid, due and sufficient notice to all persons entitled thereto, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

18. On or before August 14, 2020, the Notice, in substantially the same form as Exhibit 2 to the Notice Memorandum, shall be mailed by first class mail, postage prepaid, to all potential members of the Settlement Classes identified by Defendants. The Notice shall also be provided to all persons who request it in response to the Summary Notice or Press Release. In addition, a copy of the Notice shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation.

19. On or before August 24, 2020, Co-Lead Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit 3 to the Notice Memorandum, to be published in one edition of *Automotive News*. Additionally, an online banner notice will appear over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*. To supplement the notice program further, the Press Release, in substantially the same form as Exhibit 4 to the Notice Memorandum, will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications.

20. On or before September 14, 2020, Co-Lead Settlement Class Counsel shall file with the Court their motion or motions for: final approval of the proposed settlements with the MHI

and Sanden Defendants; an award of attorneys' fees and expenses from the MHI and Sanden settlement proceeds; approval of a proposed plan of distribution of the settlement proceeds from the settlements with MHI, Sanden, VALEO, DENSO, Calsonic, Panasonic, and MAHLE Behr (the seven settlement funds are collectively referred to as the "Air Conditioning Systems Settlement Fund"); and an incentive payment to the Class Representative to be paid from the Air Conditioning Systems Settlement Fund.

21. All requests for exclusion from the MHI and Sanden settlement classes must be in writing, postmarked no later than October 5, 2020, and must otherwise comply with the requirements set forth in the Notice.

22. Any objection by any member of the MHI and Sanden settlement classes to either of those proposed settlements, or to the request for attorneys' fees and expenses must be in writing, must be filed with the Clerk of Court and postmarked no later than October 5, 2020, and must otherwise comply with the instructions set forth in the Notice.

23. Any objection by any member of the MHI, Sanden, Valeo, DENSO, Calsonic, Panasonic, and MAHLE Behr settlement classes to the proposed plan of distribution of the settlement proceeds from the settlements or to the request for an incentive payment to the class representative, to be paid from the Air Conditioning Systems Settlement Fund, must be in writing, must be filed with the Clerk of Court and postmarked no later than October 5, 2020, and must otherwise comply with the instructions set forth in the Notice.

24. At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Co-Lead Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the

Summary Notice and Press Release, were made, showing that mailing, posting and publication were made in accordance with this Order.

25. The Court will hold a Fairness Hearing on **November 5, 2020, at 2:00 p.m.,** at the Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, MI, 48226, Courtroom 817 (or such other courtroom as may be assigned for the hearing), to determine whether to approve: (1) the proposed MHI and Sanden settlements; (2) the proposed plan of distribution of the Air Conditioning Systems Settlement Fund; (3) Co-Lead Settlement Class Counsel's request for an award of attorneys' fees and litigation costs and expenses from the MHI and Sanden settlement proceeds; and (4) the request for an incentive payment to the Class Representative, to be paid from the Air Conditioning Systems Settlement Fund. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. If the Court believes that it is appropriate, the hearing may be conducted remotely by telephone or other electronic means. If the Court determines to hold the hearing remotely, Co-Lead Settlement Class Counsel shall post that information on the website devoted to the direct purchaser litigation and provide any class member that has informed the Court that it intends to participate the information required to remotely participate. The Fairness Hearing may be rescheduled, adjourned or continued, and the courtroom assigned for the hearing may be changed, without further notice to the Settlement Classes.

26. Any Settlement Class member who wishes to participate in the distribution of the settlement funds must submit a Claim Form in accordance with the instructions therein, postmarked on or before November 21, 2020.

Other Provisions

27. In the event that the MHI Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiff, the MHI Defendants, and the members of the MHI Settlement Class.

28. The Court's provisional certification of the MHI Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the MHI Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

29. The Court approves the escrow account referenced in the MHI Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Co-Lead Settlement Class Counsel are authorized to use funds from the QSF in accordance with the MHI Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and settlement administration costs.

30.     The Direct Purchaser Class litigation against the MHI Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  July 31, 2020

s/Sean F. Cox
Sean F. Cox
U. S. District Judge